**Mike John GUANA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47622.**

Court of Criminal Appeals of Texas.

Nov. 14, 1973.

———◆———

Sam E. Brown, Lubbock, for appellant.

Alton Griffin, Dist. Atty., Jim Lewis, Asst. Dist. Atty., Lubbock, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

---

1. This was the second motion to revoke filed against appellant. The first motion was filed in April of 1970 and subsequently continued

OPINION

ODOM, Judge.

This is an appeal from an order revoking probation.

On September 19, 1969, appellant entered a plea of guilty to the offense of knowingly attempting to pass as true a forged instrument with intent to defraud; punishment was assessed at three years. The imposition of the sentence was suspended and probation granted. Two of the terms and conditions of probation were: (1) make restitution to the probation office in the amount of $97.00 in 20 weekly installments; and (2) pay to the District Clerk of Lubbock County, as court costs, the sum of $45.00 in 9 weekly installments.

On May 7, 1971, a motion to revoke probation was filed.[1] The allegations set out that appellant failed to make the restitution and court cost payments. A hearing was conducted on March 2, 1973, after which the trial court revoked the probation and pronounced sentence.

Appellant contends that the trial court abused its discretion in revoking his probation because of the insufficiency of the evidence.

John Shropshire, a probation officer of Lubbock County, testified that on the day appellant received his probation he was working at the Lubbock International Company at $74.00 per week; that appellant came to his office on September 22, 1969 and told him that he was unable to pay his restitution and costs due to paying a doctor's bill; that on October 1, 1969, appellant was working for Jerry Deardorff as a full time truck driver making $1.60 per hour; that on October 29, 1969, the appellant came into his office and stated that he had spilled acid on himself and at that time was out of a job; that on November 5, 1969, appellant was working for

at the request of the Chief Probation Officer of Lubbock County.

the Quality Shoe Store; that on November 10, 1969, appellant started to work at Gibson's; that appellant worked for Lubbock Gin Company during the months of December and January of 1970; that on March 5, 1970, appellant was unloading box cars part-time; that on April 8, 1970, appellant was working at a Shell Station, making $85.00 per week; that on December 15, 1970, appellant came to his office and stated that he would start working for Coast Bagging Company the next day making $1.80 per hour; that on January 4, 1971, appellant came in and stated he was working with his uncle, painting houses; that on January 12, 1971, the Feltz Lumber Company was called and it was confirmed that appellant was working with his uncle; that in March of 1971, appellant was working for Goodwin's Battery Company; and that on April 27, 1971, it was confirmed that appellant was still working for Goodwin Battery. Shropshire also testified that his records reflected that the only payments appellant made were $5.00 on February 8, 1971, $5.00 on February 19, 1971, and $3.00 on May 11, 1971, a total of only $13.00 since the 10th of December, 1970, thus making him delinquent in the amount of $129.00.

Both the state and defense rested after Shropshire testified. The court stated that it was the finding of the court that appellant in December and March and other occasions was working and making good wages and that he violated the terms of his probation with respect to the payment of restitution and court costs.

In Hall v. State, 452 S.W.2d 490 (Tex.Cr.App.1970) this court stated:

"With regard to probationary conditions relating to the payment of restitution and court costs, there must be a showing at the revocation hearing of the probationer's ability to make the payments required and that the failure to make restitution was intentional, McKnight v. State, Tex.Cr.App., 409 S.W. 2d 858, and the failure to pay court costs was wilful."

See also Cotton v. State, 472 S.W.2d 526 (Tex.Cr.App.1971); Dossey v. State, 445 S.W.2d 203 (Tex.Cr.App.1969); Taylor v. State, 172 Tex.Cr.R. 45, 353 S.W.2d 422 (1962).

The evidence shows that appellant held several jobs with a salary sufficient to make the restitution and court costs payments in accordance with the terms and conditions of his probation. Thus, the evidence is sufficient to support the trial court's findings upon which revocation was based.

There being no abuse of discretion, the judgment is affirmed.