Junior **DENTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 48751.

Court of Criminal Appeals of Texas.

July 10, 1974.

James T. Flynt, Mineola, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

On January 11, 1972, the appellant entered a plea of guilty before the court to an indictment charging him with fraudulent disposition of mortgaged property. Appellant's punishment was assessed at five (5) years, but the imposition of the sentence was suspended and he was placed on probation subject to certain conditions, among which is found:

"(1) - - -

"(2) Commit no offense against the laws of this or any other State or the United States;

\*    \*    \*    \*    \*    \*

"(11) - - -

\*    \*    \*    \*    \*    \*

"That restitution shall be made in favor of the First National Bank of Grand Saline, Texas, in the amount of $10,-850.00, such amount representing the money loss incurred by the First National Bank of Grand Saline, Texas, resulting from the said Defendant's disposal of mortgaged property. Such restitution to be paid by defendant to the First National Bank of Grand Saline, Texas in four separate installments as follows: The first installment shall be in the amount of $2,000.00 and shall be due on or before April 15, 1972 and that such payment shall be made directly to the First National Bank of Grand Saline, Texas; The second such payment of restitution in the amount of $2,000.00 shall be due on or before July 15, 1972, the third such payment of restitution shall be in the amount of $3,000.00 and shall be due on or before October 15, 1972; the fourth such installment payment shall be in the amount of $4,-850.00 and shall be due on or before January 15, 1973. It is understood that all such payments shall be made directly

to the First National Bank of Grand Saline, Texas. That such provision for restitution to the said First National Bank of Grand Saline, Texas, is expressly made a part of this probation and a specific condition and term of this probation and should any installment not be paid as provided herein, such failure shall constitute a violation of such probation and upon proper application shall serve to revoke said probation."

On October 27, 1972, the State filed its motion to revoke alleging that appellant had not made restitution as required, and that on or about September 19, 1972, had committed the offense of receiving and concealing stolen property.

At the hearing on said motion on December 7, 1972, the State offered no evidence that a penal offense had been involved, but did offer evidence as to the first allegation in the revocation motion. At the conclusion of the hearing the court revoked probation and imposed sentence.

■ The appellant contends the court abused its discretion in that there was no showing that the failure to pay restitution, in accordance with the terms and conditions of probation, was willful and intentional.

W. L. Garland, III, of the First National Bank of Grand Saline testified that appellant had paid his April 15, 1972 payment of $2,000.00 and that, while appellant did not make the July 15th payment, he did pay $1,000.00 on August 20th or 21st and another $500.00 on October 16, 1972; that appellant had paid a total of $3,500.00 on his restitution. On cross-examination he acknowledged that appellant on probation in another case out of the same court was also making monthly payments of "153 or 154; 150 something" to him as restitution as a requirement of probation and that he had made those payments and there was no balance. Garland further testified he did not know whether the failure to make restitution payments in the instant case was

willful or intentional. He knew that appellant had no weekly or monthly employment but was buying and selling cattle.

Appellant testified that he had paid restitution in the amount of $3,500.00 in the instant case, that he had paid $1,530.-00 in restitution on the second case at $153.00 monthly, that as a result of a conviction in Henderson County he had paid $1,000.00 in restitution, that he had court costs, supervisory fees, etc., and that he had paid a total of $6,760.00 in restitution and court costs, etc., in a period of nine months, and that from October 16, 1972 until the date of the revocation hearing (December 7) he had spent 43 days in jail out of 52 days. He testified he had no regular employment, that he had paid restitution to the best of his ability, while supporting his wife and dependents and paying day to day expenses. He explained that if he had not had to pay restitution in Henderson County and had not been in jail he would have paid the restitution as required. When asked if he had intentionally and willfully failed to pay the restitution required, he answered, "I just didn't have it."

He related he had lived up to all his other probationary conditions and had explained to his probation officer his difficulties with making the restitution payments and related the officer told him to "Go back and try it again." He testified that his family had helped in trying to meet the payments.

Appellant's wife testified she was employed outside her home at $250.00 per month and trying to help the best she could; that appellant's only income was through buying and selling cows with the aid of his son and that his payments were greater than his income.

■ There must be a showing at a revocation hearing of the probationer's ability to make the payments required and that failure to make restitution was intentional. McKnight v. State, 409 S.W.2d 858 (Tex. Cr.App.1966); Hall v. State, 452 S.W.2d 490 (Tex.Cr.App.1970), and cases there

cited; Hilts v. State, 476 S.W.2d 283 (Tex. Cr.App.1972); Matthews v. State, 478 S. W.2d 943 (Tex.Cr.App.1972); Kuenstler v. State, 486 S.W.2d 367 (Tex.Cr.App. 1972); Szczeck v. State, 490 S.W.2d 576 (Tex.Cr.App.1973); Guana v. State, 501 S.W.2d 116 (Tex.Cr.App.1973). The State made no showing in the instant case, and the court abused its discretion in revoking probation upon the failure to pay restitution as required.

The judgment is reversed and the cause remanded.