Ex parte David NORVELL and
Nathaniel Maxwell.

No. 50959.

Court of Criminal Appeals of Texas.

Oct. 8, 1975.

Ted Redington, Huntsville, for appellant.

Robert O. Smith, Dist. Atty. and Charles D. Craig, Asst. Dist. Atty., Austin, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an original application for habeas corpus filed by petitioners David Norvell

and Nathaniel Maxwell. Motion for leave to file said application was granted by this Court by order of August 25, 1975.

■ Petitioner Norvell was convicted of the offense of burglary in a Travis County District Court and sentenced to three years' imprisonment on June 20, 1974. Notice of appeal was duly filed, and his conviction was upheld by this Court in a per curiam order this day handed down. His claim for habeas corpus relief is thus moot. Petitioner Maxwell was convicted of the offense of burglary in a Travis County District Court, and he was sentenced to ten years' imprisonment on February 14, 1975. Petitioner Maxwell also gave timely notice of appeal, and his appeal is currently pending before this Court.

Upon the motion of the district attorney of Travis County under the provisions of Art. 42.09, Sec. 5, V.A.C.C.P., petitioner Maxwell was transferred to the Texas Department of Corrections on August 5, 1975. Section 5 provides as follows:

"If a defendant is convicted of a felony and his sentence is a term of fifteen years or less and he gives notice of appeal, he shall be transferred to the Department of Corrections on a commitment pending a mandate from the Court of Criminal Appeals *upon request in open court or upon written request to the sentencing court.* Upon a valid transfer to the Department of Corrections under this section, the defendant may not thereafter be released on bail pending his appeal." (Emphasis added).

Petitioner complains that the unilateral action of the Travis County district attorney has had the effect of denying him the opportunity to post bond pending appeal of his sentence, said sentence being less than 15 years. See Art. 44.04(e), V.A.C.C.P. It is his contention that Art. 42.09 allows transfers of inmates to the Texas Department of Corrections pending appeal only upon the request of the inmate himself.

■ This Court is confronted at the outset with a jurisdictional problem. Petitioner sought his return to Travis County jail in a habeas corpus application originally filed in the trial court. On August 25, 1975, the trial judge dismissed the application for lack of jurisdiction, because petitioner's case was still pending appeal. No notice of appeal from this order was given. Jurisdiction thus does not lie as in an Art. 11.07 post-conviction habeas corpus proceeding, or as in a direct appeal from the denial of a habeas corpus application filed in the trial court to require bail to be set or reduced. Arts. 11.08 and 11.09, V.A.C.C.P. Petitioner's application is in habeas corpus, because of his complaint of an illegal restraint; more specifically, of his complaint of confinement in the wrong institution. *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 1834, 36 L.Ed.2d 439 (1973); *Leahy v. Estelle,* 371 F.Supp. 951 (N.D.Tex.1974), affd., 503 F.2d 1401 (5th Cir. 1974).

■ This Court has the power, however, to entertain original applications for writs of habeas corpus as part of its original jurisdiction. Art. V, Sec. 5, Vernon's Ann. Const. of Texas. *Ex parte McKenzie,* 115 Tex.Cr.R. 315, 29 S.W.2d 771 (1930). See, also, the interpretive commentary following said section and Art. V, Sec. 3, Vernon's Ann.Const. of Texas regarding habeas corpus jurisdiction of the Texas Supreme Court. While possessed of this power of original jurisdiction, however, this Court will only take such jurisdiction in extraordinary cases, as where the proceeding is void and an appeal will not be an adequate remedy, *Ex parte Patterson,* 42 Tex.Cr.R. 256, 58 S.W. 1011 (1900); or where the petitioner has been unsuccessful in obtaining relief from the trial judge. *Ex parte Fitzpatrick,* 167 Tex.Cr.R. 376, 320 S.W.2d 683 (1959).

■ Our search for authority to take original jurisdiction in this matter, however, need go no farther than the case of *Ashford v. State,* 410 S.W.2d 433 (Tex.Cr. App.1967). *Ashford,* relying on *Ex parte Sena,* 366 S.W.2d 568 (Tex.Cr.App.1963) and *Ex parte Griego,* 366 S.W.2d 572 (Tex.Cr.

App.1963), held that this Court should have granted relief to a petitioner complaining in an original application for habeas corpus of his erroneous transfer to the Texas Department of Corrections while his case was still pending on appeal. The amendment of Art. 42.09, Sec. 5, V.A.C.C.P. in 1973 does not affect the exercise of this Court's constitutional power of original jurisdiction in such cases.

■ It remains to consider the problems posed by construction of Art. 42.09, Sec. 5. Admittedly, transfers to the Texas Department of Corrections pending appeal need only be "upon request", but the persons empowered to make such request are not named. If district attorneys are allowed to make such requests, as respondents contend, all inmates in county jails awaiting appeals of convictions resulting in sentences of less than 15 years could conceivably be transferred to the Texas Department of Corrections. In fact, if respondent's contentions are carried to their logical extremes, requests to transfer inmates could be made by sheriffs, county commissioners, complaining witnesses, or anybody.

But to give such effect to Art. 42.09, Sec. 5 would render nugatory a defendant's rights under Art. 44.04(e) to post bond pending appeal in any conviction where the sentence does not exceed 15 years. Invalidation of the last sentence in Art. 42.09, Sec. 5 which prohibits release on appeal bond of inmates incarcerated at the Texas Department of Corrections, can be avoided, however, by construing the statutes together, and harmonizing their provisions, as this Court is required to do when construing arguably inconsistent statutory provisions Code Construction Act, Art. 5429b–2, Sec. 3.06, V.A.C.S. A harmonious ·construction of the two statutory provisions is possible if the "request" referred to in Art. 42.09, Sec. 5, is interpreted to mean "request of the defendant." This is the meaning obviously intended by the Legislature in the first place. And a defendant's request to be transferred to the Texas Department of Corrections pending appeal could then be viewed as a waiver of his right to post bond under Art. 44.04(e). We hold that this is the proper construction of Art. 42.09, Sec. 5, V.A.C.C.P.

It is therefore ordered that petitioner Maxwell be returned to the Travis County jail pending the disposition of his appeal currently before us, or a validly executed request to be transferred to the Texas Department of Corrections by the petitioner himself. It is further ordered that petitioner Norvell's application, being moot, is hereby dismissed.