**Ex parte Don H. WEAVER.**

**No. 51531.**

Court of Criminal Appeals of Texas.

May 26, 1976.

Rehearing Denied June 16, 1976.

Don H. Weaver, pro se.

Ted Butler, Dist. Atty., Susan Spruce and Douglas C. Young, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is a habeas corpus application under Art. 11.07, V.A.C.C.P. Petitioner was convicted on July 13, 1970 of burglary with intent to commit theft, enhanced under Art. 62, V.A.P.C., in the 187th District Court of Bexar County. His punishment was fixed at twelve years.

▪ Petitioner makes numerous attacks on the validity of his conviction, none of which have merit. The case was submitted on the limited question of his right to good time credits under Art. 6166v, V.A.C.S.

Though petitioner's success on this point would not entitle him to release, the duration of a prisoner's confinement is a proper subject for habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

▪ Art. 6166v, adopted in 1927, allows inmates to receive certain bonus days credit for each month served without misconduct. The bonus days per month increase for each year the prisoner is in confinement. Art. 6184*l,* V.A.C.S., adopted in 1943 and amended in 1945 and 1949, allows bonus days to be credited to an inmate's sentence depending on his classification and trusty status. Under Art. 6184*l,* alone, petitioner would be entitled to 30 days credit per month on his sentence, but under both good time statutes, he would be entitled to 34–35 days credit per month. The Texas Department of Corrections figures good time only under Art. 6184*l.*

A close examination reveals the following language in Art. 6184*l,* the last-enacted statute:

> "No overtime allowance or credits, in addition to the commutation of time herein provided for good conduct, may be deducted from the term or terms of sentences . . . ."

The sentence quoted also states one exception which is not relevant here. We find the above-quoted language explicit enough to repeal Art. 6166v, and we so hold. It follows that petitioner is entitled to no relief.

The petition for writ of habeas corpus is in all things denied.