**Randy Lee GARDNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52764.**

Court of Criminal Appeals of Texas.

Oct. 6, 1976.

**128**

Weldon Holcomb, Tyler, for appellant.

A. D. Clark, III, Dist. Atty., L. Michael Thompson, Asst. Dist. Atty., Tyler, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

This is an out of time appeal in which the appellant seeks review of an order revoking his probation for the offense of forgery, with the sentence being assessed at three (3) years in the penitentiary.

Appellant initially entered a plea of guilty to the offense of forgery and was placed on five-year probation on April 10, 1970. On June 30, 1972, the State filed its first application to revoke probation, with an amended application being submitted on December 19, 1974. The subsequent motion to revoke alleged that appellant failed to report to the probation officer, failed to pay his court costs and supervision fees and that he failed to report his change of address or employment to the probation office.

Appellant's initial ground of error on appeal complains in a general fashion that the trial court "abused its discretion in revoking probation" for the reason that the State failed to show that appellant had the capability of paying his supervisory fees and court costs; however, appellant's brief concedes and admits that the evidence is sufficient to show that appellant failed to report to his probation officer as directed by the court and that he failed to advise his probation officer of his change of address.

During the probation revocation hearing, appellant testified and admitted that he failed to make any further reports to his probation officer after May of 1972. In addition, appellant admitted that he left Tyler, without permission of the probation office or the court, and that he did not notify either the court or the probation office of his change of address, employment or residence. In view of appellant's admissions and the other evidence introduced by the State, the evidence is overwhelming to show at least two violations of the terms and conditions of probation; therefore, the trial court did not abuse its discretion. See *Wright v. State,* 523 S.W.2d 704 (Tex.Cr. App.1975). In any event, without detailing the extent of the evidence concerning ap-

pellant's ability to pay his costs and supervisory fees, we are of the opinion that the evidence is sufficient for the trial court to revoke for appellant's willful failure to pay court costs and other fees. See *Guana v. State,* 501 S.W.2d 116 (Tex.Cr.App.1973). Compare *Denton v. State,* 511 S.W.2d 311 (Tex.Cr.App.1974).

Ground of error number one is overruled.

Appellant also makes the complaint that he should be *discharged* from further service of this sentence inasmuch as he has been in continuous custody in the Smith County jail on this revocation since December 18, 1974, and that when his time credits for this sentence are computed, including consideration for "good time" credit as a "state approved trusty" pursuant to the provisions of Article 6184*l*, V.A.C.S., he would have sufficient time credits for his immediate discharge.

■ The trial court conducted a hearing on appellant's "Motion for Release and Discharge" and entered findings of fact and conclusions of law holding that only the officials of the Texas Department of Corrections may award good time credit under the provisions of Article 6184*l*, supra.

We are in complete agreement with the trial court's findings of fact and conclusions of law. The appellant in this case is seeking to completely evade service of any portion of his felony penitentiary sentence in the Texas Department of Corrections, as he apparently seeks to serve this sentence in its entirety in the Smith County Jail by obtaining credit for good time from the Sheriff of Smith County for his good conduct behavior while incarcerated in that county jail.

■ In response to this argument, we initially note that Article 6184*l*, supra, is the exclusive statutory provision for the awarding of commutation time credits for good conduct to those persons committed to the Texas Department of Corrections for felony convictions in this state. See *Ex parte Weaver,* 537 S.W.2d 252 (Tex.Cr.App. 1976). A county sheriff has the authority to award commutation time credits to only those persons convicted and committed to serve sentences in his county jail. See Article 5118a, V.A.C.S.

■ It is now well settled that criminal defendants are entitled to *consideration* for good time credits for time spent in county jails pending their direct appeals to this Court. See *Pruett v. State of Texas,* 468 F.2d 51, aff'd en banc, 470 F.2d 1182 (5th Cir. 1973), aff'd in 414 U.S. 802, 94 S.Ct. 118, 38 L.Ed.2d 39 (1973); Art. 42.03, Sec. 4, V.A.C.C.P. In the en banc opinion of the United States Court of Appeals for the 5th Circuit, it was specifically pointed out that neither Article 5118a, supra, nor Article 6184*l*, supra, was unconstitutional per se, but that their enforcement together denied criminal defendants due process.

■ In response to the United States Supreme Court's affirmance of the Court of Appeals' en banc decision, the Texas Legislature made certain statutory changes in the Texas Code of Criminal Procedure in order to come into compliance with that decision. Under these new provisions, any criminal defendant who appeals his felony conviction of more than 15 years is automatically transferred to the Texas Department of Corrections pending appeal. See Article 42.09, Sec. 4, V.A.C.C.P. If a defendant receives 15 years or less, he may be released on bail, but if he cannot make bail, he has a *choice* of waiting for the disposition of his appeal *either* in the county jail *or* in the Texas Department of Corrections. See Article 42.09, Sec. 5, supra; *Ex parte Norvell,* 528 S.W.2d 129 (Tex.Cr.App.1975).

If a defendant appeals his conviction and is not released on bail, whether he is in the county jail or the Texas Department of Corrections, he is entitled to credit for all calendar time spent in custody. See Article 42.03, Secs. 2–3, V.A.C.C.P. See also *Ex parte Griffith,* 457 S.W.2d 60 (Tex.Cr.App. 1970). In addition, Texas law now provides that inmates incarcerated in county jails pending their appeals are entitled to consideration for good time credits for good behavior. See Article 42.03, Sec. 4, supra; *Ex parte Jasper,* 538 S.W.2d 782 (Tex.Cr.App.

1976); *Ex parte Bates,* 538 S.W.2d 790 (Tex. Cr.App.1976).

■ Under the present statutory scheme for awarding time credits in Texas, all of the inequities found in the prior scheme in *Pruett v. State of Texas,* supra, have been alleviated. Under present Texas law, *all* persons appealing their convictions for felonies would be entitled to consideration for good time credits spent in custody pending their appeals. It is critical to note that the source of any good time credit awarded, however, must come from the Texas Department of Corrections, in accordance with the court's judgment and sentence. See Article 42.09, Sec. 1, supra. It is readily apparent, therefore, that all persons committed to the Texas Department of Corrections under their felony sentences must therefore look to that institution for the proper award of good time credit.[1]

■ While the Texas Department of Corrections is authorized to award good time credits through Article 6184*l,* supra, it must be noted that the award of good time credit is not *mandatory* but, rather, is dependent upon an inmate's *good conduct* during the service of his sentence, whether it be in the county jail or in the state prison system. See Article 42.03, Sec. 4, supra; Article 6184*l,* supra; *Ex parte Enriquez,* 490 S.W.2d 546 (Tex.Cr.App.1973); *Ex parte Bennett,* 508 S.W.2d 646 (Tex.Cr.App.1974); *Ex parte Esquivel,* 531 S.W.2d 339 (Tex.Cr. App.1976); *Ex parte Iglehart,* 535 S.W.2d 185 (Tex.Cr.App.1976); *Ex parte Jasper,* supra; *Ex parte Bates,* supra.

■ The record in the case at bar shows that appellant has maintained a "trusty" status while in the Smith County Jail; therefore, assuming continued good conduct, there is little doubt that appellant will be entitled to some commutation credit under Article 6184*l,* supra. However, until such time as the Texas Department of Corrections receives actual custody of appellant and processes his record, it is impossible for the officials of the state prison system to make a final determination of commutation time credits.

In the case at bar, appellant has chosen to remain in the county jail pending the outcome of his appeal, and, of course, this is his legal right. See Article 42.09, Sec. 5, supra. However, it is appellant's position that he is absolutely entitled to additional good time credits as a "state approved trusty" just as if he were serving his sentence in the Texas Department of Corrections.[2] Since the Texas Department of Corrections has not yet had an opportunity to investigate the facts and circumstances of this inmate's case, there can be no particular award of a certain commutation time classification as yet. Neither the Smith County Sheriff, the trial court, nor this Court is able to "second guess" the ultimate decision of the officials of the Texas Department of Corrections. See *Ex parte Enriquez,* supra.

There is no evidence before this Court that the officials of the Texas Department of Corrections would automatically classify appellant as a "state approved trusty" upon his commitment to that institution or, even if they did, whether they would apply his

---

1. The overwhelming majority of felony sentences result in the commitment to the Texas Department of Corrections; however, there are certain exceptions, such as a conviction for the offense of felony driving while intoxicated, which carries the possibility of incarceration in the county jail *or* in the Texas Department of Corrections. See Article 6701*l*–2, V.A.C.S.

   It is therefore obvious that those persons convicted of felony drunk driving and committed to the Texas Department of Corrections are thus entitled to "good time" credit under Article 6184*l,* supra, and those persons convicted under this statute and assessed county jail time would be given "good time" credit under Article 5118a, supra.

2. Under the provisions of Article 6184*l,* supra, the Texas Department of Corrections is authorized to classify inmates into four separate classes for the awarding of commutation time credits. The classification as "state approved trusty" is the most favorable status, during which an inmate receives 30 days of credit for every 30 days of calendar time served, assuming good conduct.

   The other three classifications for commutation time credit award 20, 10 or zero days credit for every 30 days of calendar time served, depending upon the circumstances of each case.

trusteeship status in a retroactive manner as to appellant's entire service of this sentence in the county jail. This is a decision that will have to be made by the Texas Department of Corrections at the proper time when appellant is committed to that institution under the mandate of this Court.

Upon final mandate of this Court, the Sheriff of Smith County will be required to inform the Texas Department of Corrections as to appellant's conduct while in jail pending this appeal, and appellant will thusly be given whatever credits he may be entitled to under the provisions of Article 42.03, Sec. 4, supra, and Article 6184*l*, supra. It is clear that the statutory changes made by the Texas Legislature completely implement the constitutional standards and procedural requirements required in *Pruett v. State of Texas,* supra.

Were we to accede to appellant's argument in this case and permit the Smith County Sheriff to determine appellant's status as a "state approved trusty" and allow appellant to discharge his felony sentence while in the county jail, we would have effectively negated the Texas Department of Corrections' jurisdiction to incarcerate convicted felons in this state. This we shall not do. It is to be noted that the sentence of the trial court in this case reads as follows:

"Randy Lee Gardner . . . be delivered by the sheriff of Smith County, Texas, *immediately to the director of corrections of the Texas Department of Corrections,* or other persons legally authorized to receive such convicts, and the said Randy Lee Gardner shall be confined in said penitentiary *for a term of not less than two nor more than three years in accordance with the provisions of the law governing the penitentiaries and the Texas Department of Corrections."* (Emphasis added).

In view of this felony judgment and sentence, appellant must be committed to the Texas Department of Corrections to serve the remainder of his sentence, not to the Smith County Jail. See Article 42.09, Sec. 1, supra. Upon issuance of the mandate of

affirmance of this conviction by this Court, the provisions of the trial court's sentence shall be carried out immediately. See *State ex rel. Vance v. Hatten,* 508 S.W.2d 625 (Tex.Cr.App.1974).

The judgment is affirmed.

Opinion approved by the Court.

ROBERTS, J. concurs in the results.