RICHARD N. OILI, Petitioner *v.* ANDREW I. T. CHANG, Director, Department of Social Services and Housing, State of Hawaii, et al., Respondents

NO. 6377

DECEMBER 10, 1976

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR and KIDWELL, JJ.

*Per Curiam.* This petition for a writ of habeas corpus alleges that petitioner was denied effective assistance of counsel in the trial which resulted in his conviction of attempted assault in the first degree. The same issue was raised in petitioner's appeal from that conviction, which was dismissed because it could not be resolved in favor of petitioner without consideration of facts outside the record. No. 5840, *State v. Oili,* Memorandum Opinion, October 13, 1976. The present petition was obviously intended to accompany a petition for rehearing of the appeal, but was not filed by petitioner until after denial of the rehearing. In the petition for rehearing, petitioner sought the appointment of a special master to receive evidence of the non-record facts upon which

petitioner relied in his appeal. It is apparent that the habeas corpus proceeding was originally intended as a device to enable an evidentiary hearing to be held and to place facts before this court for consideration on the appeal, a purpose for which it would not be entertained. The allegations and prayers of the petition now before us, although filed after denial of rehearing of the appeal, seek only to further the purpose of supplementing the record on appeal. The petition fails to allege that petitioner is unlawfully restrained of his liberty or to request that a writ of habeas corpus be issued. Nevertheless, the petition may inferentially allege that the conviction was invalid for denial of petitioner's constitutional right to counsel and might, by reason of its title, be read as seeking the writ.

We have concurrent jurisdiction with the circuit courts to issue writs of habeas corpus. HRS § 660-3. The petition could have been presented to the circuit court. The alleged deprivation of the effective assistance of counsel cannot be determined without an evidentiary hearing. No circumstances are shown in explanation of petitioner's choice to invoke the jurisdiction of this court rather than that of the circuit court, other than the invalid purpose of supplementing the record on his appeal.

It is frequently held that an appellate court will not exercise its original jurisdiction in habeas corpus proceedings when relief is available in a lower court and no special reason exists for invoking its jurisdiction. "The inexpediency of determining questions of fact in the supreme court furnishes adequate reason for the exercise of its discretion in favor of the denial of the writ." *Voight v. Mahoney,* 16 P.2d 300, 304 (Wash. 1941). Also see *Labelle v. State,* 231 A.2d 480 (N.H. 1967); *Petition of High Pine,* 535 P.2d 174 (Mont. 1975); *Ex parte Norvell,* 528 S.W.2d 129 (Tex. Cr. App. 1975); *Ex Parte Jerman,* 112 P.416 (Ore. 1910); *Peyton v. Nord,* 437 P.2d 716 (N.M. 1968); *Ex parte Tracy,* 249 U.S. 551 (1919); 39 Am. Jur. 2d, Habeas Corpus, § 108 (1968). The present case is manifestly one to which this rule should be applied. We will

refrain, in the exercise of our discretion, from accepting jurisdiction of the present petition.

The petition is dismissed without prejudice to the presentation to the circuit court of an appropriate complaint for relief under HRS Ch. 660.[1]

*Lawrence W. Cohn (Crumpacker & Cohn* of counsel) for Petitioner.

---

[1] After January 1. 1977. such proceedings will be governed by Rule 40. Hawaii Rules of Penal Procedure.