**Ex parte Roberto Blanco RODRIGUEZ, Appellant.**

**No. 64232.**

Court of Criminal Appeals of Texas, En Banc.

April 30, 1980.

Dick Stengel, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and R. Bradford Stiles, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W. C. DAVIS, Judge.

This is a post-conviction writ of habeas corpus filed pursuant to Article 11.07, Vernon's Ann.C.C.P. The record reflects that petitioner was convicted of two counts of felony theft; he was sentenced to concurrent terms of five years and nine years in the Texas Department of Corrections. Notice of appeal was timely given. The trial court subsequently ordered petitioner transferred to the Texas Department of Corrections, in order to begin serving his sentence.

Petitioner contends that the trial court erred in transferring him to the Texas Department of Corrections, absent his request, since his sentence was less than ten years.

Article 42.09, Sec. 5, Vernon's Ann.C.C.P. provides:

"If a defendant is convicted of a felony and his sentence is a term of ten years or less and he gives notice of appeal, he shall be transferred to the Department on a commitment pending a mandate from the Court of Criminal Appeals *upon request in open court or upon written request to the sentencing court.* Upon a valid transfer to the Department of Corrections under this section, the defendant may not thereafter be released on bail pending his appeal." (Emphasis added)

In *Ex parte Norvell*, 528 S.W.2d 129 (Tex. Cr.App.1975), we construed "upon request . . ." to mean upon the request of the *defendant.* Thus, where a defendant receives a sentence of ten years or less, he may only be transferred to the Department of Corrections *if he so requests.* We held that unless such interpretation were made, the statute

"would render nugatory a defendant's rights under Art. 44.04(e) [Vernon's Ann. C.C.P.] to post bond pending appeal in any conviction where the sentence does not exceed 15 years."

In that case, since the defendant had received a sentence of ten years or less, and since he had not *himself* requested to be transferred to the Department of Corrections as the court had so ordered him, he was entitled to be returned to the county jail pending the disposition of his appeal.

In *Gardner v. State*, 542 S.W.2d 127 (Tex. Cr.App.1976), we held that if a defendant who is eligible for release on appeal bond pending the disposition of his appeal (i. e., he receives a sentence of 15 years or less) cannot make such bail,

"he has a *choice* of waiting for the disposition of his appeal *either* in the county jail *or* in the Texas Department of Corrections."

Thus, it appears that petitioner was entitled to remain in the El Paso County jail pending the disposition of his appeal, and

that the trial court erred in transferring him to the Department of Corrections absent his request or consent. Article 42.09, Sec. 5, supra; *Ex parte Norvell*, supra; *Gardner v. State*, supra.

■ The State contends, and the trial court held, that the court had the discretion to transfer petitioner, and that the exercise of discretion was proper since petitioner was a disciplinary problem in the El Paso County jail and since this jail was seriously overcrowded, according to the Texas Commission on Jail Standards. Article 42.09, Sec. 2, Vernon's Ann.C.C.P. upon which the court and the State relied, provides:

> "Except as provided in Sections 3 and 4, a defendant shall be delivered to jail or to the Department of Corrections when his sentence to imprisonment is pronounced . . . by the court . . ."

We do not construe this section to vest discretion in the trial court to determine to *which* place of incarceration the defendant shall be sent; rather, we construe this section to provide that a defendant, after sentencing shall simply be remanded to *custody*, unless, of course, he receives a sentence of fifteen years or more, in which case he *must* be transferred to the Department of Corrections. See Article 44.04, Vernon's Ann.C.C.P.; see also, *Ex parte Briones*, 563 S.W.2d 270 (Tex.Cr.App.1978).

Accordingly, petitioner is entitled to the relief sought, which is to be returned to the El Paso County jail to await the disposition of his appeal to the Court of Criminal Appeals. A copy of this opinion shall be forwarded to the Texas Department of Corrections.

It is so ordered.