In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00133-CV


______________________________





IN RE:


JAMES THOMAS SMITH






 


Original Mandamus Proceeding







 
 



Before Morriss, C.J., Carter and Moseley, JJ.

Memorandum Opinion by Justice Carter



MEMORANDUM OPINION


 James Thomas Smith has filed a pro se petition for writ of mandamus which names the
Honorable Jim Dick Lovett, presiding judge of the Sixth Judicial District Court of Lamar County,
Texas, as respondent. Smith pled guilty to robbery in 1991, and the trial court sentenced Smith to
fifteen years' imprisonment. Smith states he was released on parole in 1999, his parole was revoked
in 2004, and he now faces a release date in 2011. Smith complains that the procedures used by the
Texas Department of Criminal Justice have "modified and extended" his original sentence which,
he asserts, required his release by 2006. Smith's petition for writ of mandamus asks this Court to
direct the trial court to enforce its judgment by ordering his immediate release from prison, vacate
the conviction, or transfer the case to a "non-bias court to address the claims." We deny Smith's
petition. 

 To be entitled to mandamus relief in a criminal matter, the relator must establish that (1) the
act sought to be compelled is ministerial, and (2) there is no adequate remedy at law. Dickens v.
Court of Appeals for Second Supreme Judicial Dist., 727 S.W.2d 542, 548 (Tex. Crim. App. 1987). 
The granting of credit for jail time has historically been accomplished by post-conviction writ of
habeas corpus. (1) See Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2007); Ater v. Eighth
Court of Appeals, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); see also Ex parte Russell, 60
S.W.3d 875, 877 (Tex. Crim. App. 2001). The courts of appeals have no original habeas corpus
jurisdiction in post-conviction criminal matters. Tex. Gov't Code Ann. § 22.221 (Vernon 2004);
Dodson v. State, 988 S.W.2d 833, 835 (Tex. App.--San Antonio 1999, no pet.). 

 "If Applicant has been incarcerated past his presumptive discharge date, this is no longer a
time credit claim but an illegal confinement claim." Ybarra, 149 S.W.3d at 148 n.2. Despite Smith's
phrasing of his complaint as one to enforce the judgment, it is a claim for habeas relief. See Ex parte
Weaver, 537 S.W.2d 252, 253 (Tex. Crim. App. 1976) ("the duration of a prisoner's confinement is
a proper subject for habeas corpus").

 The Texas Court of Criminal Appeals has long held that a claim of an illegal sentence is
cognizable on a writ of habeas corpus. Ex parte Rich, 194 S.W.3d 508, 511 (Tex. Crim. App. 2006);
Mizell v. State, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003); see Tex. Code Crim. Proc. Ann. art.
11.01 (Vernon 2005) ("The writ of habeas corpus is the remedy to be used when any person is
restrained in his liberty."). The writ of habeas corpus is properly sought from the Texas Court of
Criminal Appeals if the conviction is final. This Court is not among the list of courts authorized to
grant relief pursuant to post-conviction writs of habeas corpus. Ex parte Martinez, 175 S.W.3d 510,
512 (Tex. App.--Texarkana 2005, no pet.). 





 For the reasons stated, we deny Smith's petition for writ of mandamaus. 


 Jack Carter

 Justice


Date Submitted: November 8, 2007

Date Decided: November 9, 2007
1. Under certain circumstances, the trial court may have the authority to correct the omission
of presentence jail credit through a judgment nunc pro tunc. See Ex parte Ybarra, 149 S.W.3d 147
(Tex. Crim. App. 2004) ("The appropriate remedy in this situation is to require Applicant to present
the issue to the trial court by way of a nunc pro tunc motion . . . . If the trial court fails to respond,
Applicant is first required to seek relief in the Court of Appeals, by way of a petition for a writ of
mandamus."). Smith is not requesting presentence jail time credit.