Opinion filed May 17, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00177-CR

                                                   
__________

 

                          PETER
HELLMUTH EGGERT, Appellant 

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 266th District Court

 

                                                            Erath
County, Texas

 

                                                   Trial
Court Cause No. CR12121

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

This
appeal arises from a judgment revoking community supervision.  The jury convicted Peter Hellmuth Eggert of conspiracy to fabricate physical evidence. 
The trial court sentenced him to two years confinement, probated for five
years, and a fine of $5,000.  We affirmed the conviction in Cause No.
11-05-00234-CR.  The State subsequently filed a motion to revoke community
supervision on April 12, 2010, alleging violations of two of the terms and
conditions of appellant’s community supervision.  The trial court considered
the motion at a hearing conducted on May 20, 2010.  The trial court revoked
appellant’s community supervision and assessed his punishment at confinement in
the State Jail Division of the Texas Department of Criminal Justice for a term
of two years.  We affirm.

Background
Facts

            The
State alleged that appellant violated the following terms and conditions of
appellant’s community supervision:

            18. The
Defendant shall not engage in the practice of law in any judicial proceeding in
this State during the term of probation.

 

            19. The
Defendant shall not give any legal advice or engage in the practice of law
during the term of probation.

 

Specifically,
the State alleged that appellant engaged in the practice of law by filing an
adversary proceeding in the United States Bankruptcy Court for the Northern
District of Texas on behalf of an entity known as “Maximillan, L.L.C.”  Among
other documents, the State attached correspondence to its motion written by appellant on the letterhead of “Peter H. Eggert–Attorney at Law – International Appellate Law*.”[1]

Analysis

            Appellant
brings four issues on appeal in his pro se brief.  He contends in his first
issue that “the trial court stepped outside its jurisdictional boundaries when
it interfered in a federal court proceeding.”[2] 
In his third issue, he alleges that “the prosecution failed to prove that a
‘third party’ existed for legal purposes.”  Appellant essentially challenges
the sufficiency of the evidence supporting the revocation of community supervision
in these two issues.  In this regard, the State has the burden of showing by a
preponderance of the evidence that appellant committed a violation of the
conditions of community supervision.  Cobb v. State, 851 S.W.2d 871, 873
(Tex. Crim. App. 1993); Kulhanek v. State, 587 S.W.2d 424, 426 (Tex.
Crim. App. 1979); Hart‌v. State, 264 S.W.3d 364, 366 (Tex. App.—Eastland
2008, pet. ref’d).  The trial court’s order revoking community supervision is
reviewed under an abuse of discretion standard. Rickels v. State, 202
S.W.3d 759, 763 (Tex. Crim. App. 2006); Cardona v. State, 665 S.W.2d
492, 493 (Tex. Crim. App. 1984); Hart, 264 S.W.3d at 366.  If the State
fails to meet its burden of proof, the trial court abuses its discretion in
revoking the community supervision.  Cardona, 665 S.W.2d at 493–94; Hart,
264 S.W.3d at 366–67.  Proof by a preponderance of the evidence of any one of
the alleged violations of the conditions of supervision is sufficient to
support a revocation order.  Tex. Code
Crim. Proc. Ann. art. 42.12, § 21(b) (West Supp. 2011); Moore v.
State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); Hart, 264 S.W.3d
at 367.

            Appellant
has not caused a reporter’s record to be filed in this appeal.  In this regard,
he filed a motion for a free record in this court on September 17, 2010.  The
court overruled this motion on September 30, 2010.[3] 
The clerk of this court notified appellant in a letter dated October 13, 2010,
that the appeal would be submitted on the clerk’s record alone unless he made
arrangements for the preparation of the reporter’s record with the court
reporter by October 28, 2010.  See Tex.
R. App. P. 34.6(b)(1), 35.3(b)(2)–(3), & 37.3(c).  The clerk later
notified appellant in a letter dated November 5, 2010, that the appeal would be
submitted on the clerk’s record alone because of the absence of timely proof of
the requirements for designating and paying for the reporter’s record.  

            Appellant’s
failure to cause a reporter’s record to be filed in this cause precludes a
review of his evidentiary issues.  “[A] defendant who wishes to raise a
sufficiency issue on appeal has the burden of ensuring that the entire record
of the trial before the fact finder is before the appellate court.”  O’Neal
v. State, 826 S.W.2d 172, 173 (Tex. Crim. App. 1992).  An appellate court cannot determine the merits of a challenge to the sufficiency of the evidence
without a review of the entire record of the trial before the factfinder.  Skinner
v. State, 837 S.W.2d 633, 634 (Tex. Crim. App. 1992); Greenwood v. State,
823 S.W.2d 660, 661 (Tex. Crim. App. 1992).  In the absence of a reporter’s
record, appellant’s first and third issues are overruled.  

            Appellant
asserts in his second issue that the trial court failed to award him proper
jail credit for periods of presentence and post-sentence confinement.  With
regard to his presentence contention, he asserts that he was arrested on April
15, 2010, on the motion to revoke and that he remained incarcerated until the
hearing on May 20, 2010.  He contends that the trial court did not give him
credit for this period of presentence incarceration.  We disagree.  The judgment
revoking community supervision clearly states that appellant was credited for
his period of incarceration from April 15, 2010, to May 20, 2010.  

Appellant
additionally contends that the trial court should have awarded him jail credit
from the date of sentencing (May 20, 2010) until the date he was released on
appeal bond pending appeal.  The State does not dispute that appellant is
entitled to jail credit for this period.  See Robinson v. Beto, 426 F.2d 797 (5th Cir. 1970); Gardner v. State, 542 S.W.2d 127 (Tex. Crim. App. 1976);
Ex parte Griffith, 457 S.W.2d 60 (Tex. Crim. App. 1970).  However, it
does not appear that appellant has preserved his complaint for appellate review
because the record before us does not reflect that appellant presented a
request to the trial court for credit for this post-sentence period of
incarceration.[4] 
Moreover, appellant’s request for credit for post-sentence incarceration is in
the nature of postconviction relief.  The habeas corpus procedure set out in
Article 11.07 of the Texas Code of Criminal Procedure provides the exclusive
remedy for felony postconviction relief in state court. Tex. Code Crim. Proc. Ann. art. 11.07, § 5 (West Supp. 2011);
Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the
Eighth Dist., 910 S.W.2d 481, 484 (Tex. Crim. App. 1995); Ex parte Brown,
662 S.W.2d 3, 4 (Tex. Crim. App. 1983).  If the habeas corpus applicant is held
by virtue of a final conviction, in a felony case, the writ is returnable to
the Texas Court of Criminal Appeals.  Article 11.07, section 3(a); Ex parte Brown,
662 S.W.2d at 4. There is no role for the courts of appeals in the procedure
under Article 11.07.  Article 11.07, section 3; see Ater v. Eighth
Court of Appeals, 802 S.W.2d 241, 242 (Tex. Crim. App. 1991) (orig. proceeding)
(stating that only the Court of Criminal Appeals has jurisdiction over state
postconviction felony proceedings).  Accordingly, appellant’s second issue is
overruled.

            Appellant
asserts in his fourth issue that the imposition of terms and conditions
eighteen and nineteen (quoted above) was unreasonable and not supported by
evidence.  Appellant has waived this contention for appellate review by waiting
until after his community service was revoked to present his protest.  An award of community supervision is not a right, but a contractual privilege entered
into between a court and a defendant.  Speth v. State, 6 S.W.3d 530, 534
(Tex. Crim. App. 1999).  For this reason, the law is well settled that
conditions of community supervision not objected to are affirmatively accepted
as terms of the contract, and a defendant cannot challenge a condition of
community supervision for the first time at a revocation proceeding.  Id. at
535; Vale v. State, 486 S.W.2d 370 (Tex. Crim. App. 1972); In re V.A.,
140 S.W.3d 858, 860 (Tex. App.—Fort Worth 2004, no pet.) (defendant could not
object at revocation hearing that condition of community supervision was unreasonable);
see Hart, 264 S.W.3d at 368.  Appellant’s fourth issue is
overruled.

This
Court’s Ruling

             The
judgment of the trial court is affirmed.

 

                                                                                                PER
CURIAM

 

                                                                                                

May 17, 2012

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.









                [1]The bottom of the letterhead contained the following
description of appellant’s status in “International
Appellate Law”; “*Foreign
Jurisdiction • Member Texas Bar – Intl • International Bar Association •
American Bar Association • Texas Criminal Defense Lawyers Association • Texas
Association of Mediators • Not Licensed Before Texas Courts.”

 





                [2]Appellant
contends that the trial court “interfered in a federal court proceeding” when
it determined that his activities in federal court constituted a violation of
the terms and conditions of his community supervision.





                [3]The clerk’s record indicates that the trial court
previously denied appellant’s request for a free record on July 2, 2010.





                [4]As noted by the State, it was not possible for the
judgment revoking community supervision entered on May 20, 2010, to award
credit for periods of incarceration occurring after that date.