Opinion filed May 17, 2012



In The

# Eleventh Court of Appeals

_____

No. 11-10-00177-CR

_____

## PETER HELLMUTH EGGERT, Appellant

## V.

## STATE OF TEXAS, Appellee

On Appeal from the 266th District Court

Erath County, Texas

Trial Court Cause No. CR12121

## MEMORANDUM OPINION

This appeal arises from a judgment revoking community supervision. The jury convicted Peter Hellmuth Eggert of conspiracy to fabricate physical evidence. The trial court sentenced him to two years confinement, probated for five years, and a fine of $5,000. We affirmed the conviction in Cause No. 11-05-00234-CR. The State subsequently filed a motion to revoke community supervision on April 12, 2010, alleging violations of two of the terms and conditions of appellant's community supervision. The trial court considered the motion at a hearing conducted on May 20, 2010. The trial court revoked appellant's community supervision and

assessed his punishment at confinement in the State Jail Division of the Texas Department of Criminal Justice for a term of two years. We affirm.

*Background Facts*

The State alleged that appellant violated the following terms and conditions of appellant's community supervision:

18. The Defendant shall not engage in the practice of law in any judicial proceeding in this State during the term of probation.

19. The Defendant shall not give any legal advice or engage in the practice of law during the term of probation.

Specifically, the State alleged that appellant engaged in the practice of law by filing an adversary proceeding in the United States Bankruptcy Court for the Northern District of Texas on behalf of an entity known as "Maximillan, L.L.C." Among other documents, the State attached correspondence to its motion written by appellant on the letterhead of "PETER H. EGGERT– ATTORNEY AT LAW – INTERNATIONAL APPELLATE LAW*."[1]

*Analysis*

Appellant brings four issues on appeal in his pro se brief. He contends in his first issue that "the trial court stepped outside its jurisdictional boundaries when it interfered in a federal court proceeding."[2] In his third issue, he alleges that "the prosecution failed to prove that a 'third party' existed for legal purposes." Appellant essentially challenges the sufficiency of the evidence supporting the revocation of community supervision in these two issues. In this regard, the State has the burden of showing by a preponderance of the evidence that appellant committed a violation of the conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Kulhanek v. State*, 587 S.W.2d 424, 426 (Tex. Crim. App. 1979); *Hart v. State*, 264 S.W.3d 364, 366 (Tex. App.—Eastland 2008, pet. ref'd). The trial court's order revoking community supervision is reviewed under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Hart*, 264 S.W.3d at 366. If the State fails to meet its burden of proof,

---

[1]The bottom of the letterhead contained the following description of appellant's status in "INTERNATIONAL APPELLATE LAW"; "*FOREIGN JURISDICTION • MEMBER TEXAS BAR – INTL • INTERNATIONAL BAR ASSOCIATION • AMERICAN BAR ASSOCIATION • TEXAS CRIMINAL DEFENSE LAWYERS ASSOCIATION • TEXAS ASSOCIATION OF MEDIATORS • NOT LICENSED BEFORE TEXAS COURTS."

[2]Appellant contends that the trial court "interfered in a federal court proceeding" when it determined that his activities in federal court constituted a violation of the terms and conditions of his community supervision.

the trial court abuses its discretion in revoking the community supervision. *Cardona*, 665 S.W.2d at 493–94; *Hart*, 264 S.W.3d at 366–67. Proof by a preponderance of the evidence of any one of the alleged violations of the conditions of supervision is sufficient to support a revocation order. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(b) (West Supp. 2011); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Hart*, 264 S.W.3d at 367.

Appellant has not caused a reporter's record to be filed in this appeal. In this regard, he filed a motion for a free record in this court on September 17, 2010. The court overruled this motion on September 30, 2010.[3] The clerk of this court notified appellant in a letter dated October 13, 2010, that the appeal would be submitted on the clerk's record alone unless he made arrangements for the preparation of the reporter's record with the court reporter by October 28, 2010. *See* TEX. R. APP. P. 34.6(b)(1), 35.3(b)(2)–(3), & 37.3(c). The clerk later notified appellant in a letter dated November 5, 2010, that the appeal would be submitted on the clerk's record alone because of the absence of timely proof of the requirements for designating and paying for the reporter's record.

Appellant's failure to cause a reporter's record to be filed in this cause precludes a review of his evidentiary issues. "[A] defendant who wishes to raise a sufficiency issue on appeal has the burden of ensuring that the entire record of the trial before the fact finder is before the appellate court." *O'Neal v. State*, 826 S.W.2d 172, 173 (Tex. Crim. App. 1992). An appellate court cannot determine the merits of a challenge to the sufficiency of the evidence without a review of the entire record of the trial before the factfinder. *Skinner v. State*, 837 S.W.2d 633, 634 (Tex. Crim. App. 1992); *Greenwood v. State*, 823 S.W.2d 660, 661 (Tex. Crim. App. 1992). In the absence of a reporter's record, appellant's first and third issues are overruled.

Appellant asserts in his second issue that the trial court failed to award him proper jail credit for periods of presentence and post-sentence confinement. With regard to his presentence contention, he asserts that he was arrested on April 15, 2010, on the motion to revoke and that he remained incarcerated until the hearing on May 20, 2010. He contends that the trial court did not give him credit for this period of presentence incarceration. We disagree. The judgment revoking community supervision clearly states that appellant was credited for his period of incarceration from April 15, 2010, to May 20, 2010.

---

[3]The clerk's record indicates that the trial court previously denied appellant's request for a free record on July 2, 2010.

Appellant additionally contends that the trial court should have awarded him jail credit from the date of sentencing (May 20, 2010) until the date he was released on appeal bond pending appeal. The State does not dispute that appellant is entitled to jail credit for this period. *See Robinson v. Beto*, 426 F.2d 797 (5th Cir. 1970); *Gardner v. State*, 542 S.W.2d 127 (Tex. Crim. App. 1976); *Ex parte Griffith*, 457 S.W.2d 60 (Tex. Crim. App. 1970). However, it does not appear that appellant has preserved his complaint for appellate review because the record before us does not reflect that appellant presented a request to the trial court for credit for this post-sentence period of incarceration.[4] Moreover, appellant's request for credit for post-sentence incarceration is in the nature of postconviction relief. The habeas corpus procedure set out in Article 11.07 of the Texas Code of Criminal Procedure provides the exclusive remedy for felony postconviction relief in state court. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5 (West Supp. 2011); *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995); *Ex parte Brown*, 662 S.W.2d 3, 4 (Tex. Crim. App. 1983). If the habeas corpus applicant is held by virtue of a final conviction, in a felony case, the writ is returnable to the Texas Court of Criminal Appeals. Article 11.07, section 3(a); *Ex parte Brown*, 662 S.W.2d at 4. There is no role for the courts of appeals in the procedure under Article 11.07. Article 11.07, section 3; *see Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 242 (Tex. Crim. App. 1991) (orig. proceeding) (stating that only the Court of Criminal Appeals has jurisdiction over state postconviction felony proceedings). Accordingly, appellant's second issue is overruled.

Appellant asserts in his fourth issue that the imposition of terms and conditions eighteen and nineteen (quoted above) was unreasonable and not supported by evidence. Appellant has waived this contention for appellate review by waiting until after his community service was revoked to present his protest. An award of community supervision is not a right, but a contractual privilege entered into between a court and a defendant. *Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999). For this reason, the law is well settled that conditions of community supervision not objected to are affirmatively accepted as terms of the contract, and a defendant cannot challenge a condition of community supervision for the first time at a revocation proceeding. *Id.* at 535; *Vale v. State*, 486 S.W.2d 370 (Tex. Crim. App. 1972); *In re*

---

[4]As noted by the State, it was not possible for the judgment revoking community supervision entered on May 20, 2010, to award credit for periods of incarceration occurring after that date.

4

*V.A.*, 140 S.W.3d 858, 860 (Tex. App.—Fort Worth 2004, no pet.) (defendant could not object at revocation hearing that condition of community supervision was unreasonable); *see Hart*, 264 S.W.3d at 368.  Appellant's fourth issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.


PER CURIAM


May 17, 2012

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.