**Electronically Filed
Supreme Court
SCPW-13-0000082
06-MAR-2013
08:46 AM**

SCPW-13-0000082

IN THE SUPREME COURT OF THE STATE OF HAWAI‘I

---

FRANCIS P. GRANDINETTI II, aka FRANCIS GRANDINETTI III,
aka FRANCIS ANTHONY GRANDINETTI, with numerous "private
ID" names and aliases, a Hawai‘i and New York federal
citizen, U.S.A., Petitioner,

vs.

BOBBY ROSS GROUP, INC. (BRG), RICH INTERNATIONAL
AIRWAYS, and SEVERAL TEXAS AGENTS FOR NEWTON COUNTY, ET AL.,
FORMER SHERIFF BOBBY ROSS, GOVERNOR GEORGE W. BUSH (R), TEXAS and
BROKERAGE FIRM DOMINION MANAGEMENT, OKLAHOMA AGENTS,
Class-Respondents.

and

FRANCIS ANTHONY GRANDINETTI II (aka),
Consent Decree Class-Participants, and INMATES,
STATE OF HAWAI‘I (Real Parties in Interest),
Class-Petitioners,

vs.

GOVERNOR NEIL ABERCROMBIE (D), GOVERNOR LINDA C.
LINGLE (R), GOVERNOR BENJAMIN J. CAYETANO (D), GOVERNOR
JOHN D. WAIHEE III (D), GOVERNOR GEORGE R. ARIYOSHI (D),
GOVERNOR JOHN A. BURNS (D), Chief Executives, State,
Class-Respondents.

---

ORIGINAL PROCEEDING

(By: Recktenwald, C.J., Nakayama, Acoba, McKenna, and Pollack, JJ.)

Petitioner Francis Grandinetti submitted two documents, which were filed on February 8, 2013: (1) "Supervisory Habeas Corpus and Writ of Mandamus Petition: Texas Arrest"; and (2) "Intervening Injunction Application and Petition". Upon consideration of the documents, which we review as petitions for a writ of habeas corpus and/or a writ of mandamus, it appears that petitioner presents no special reason for invoking the supreme court's original jurisdiction, see Oili v. Chang, 57 Haw. 411, 412, 557 P.2d 787, 788 (1976) (the supreme court "will not exercise its original jurisdiction in habeas corpus proceedings when relief is available in a lower court and no special reason exists for invoking its jurisdiction"), and fails to demonstrate a clear and indisputable right to any relief, see Kema v. Gaddis, 91 Hawai'i 200, 204, 982 P.2d 334, 338 (1999) (a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action). Therefore,

IT IS HEREBY ORDERED that the clerk of the appellate court shall process the petitions without payment of the filing fee.

        IT IS HEREBY FURTHER ORDERED that the petitions are denied.

        DATED:  Honolulu, Hawaiʻi, March 6, 2013.

                        /s/ Mark E. Recktenwald

                        /s/ Paula A. Nakayama

                        /s/ Simeon R. Acoba, Jr.

                        /s/ Sabrina S. McKenna

                        /s/ Richard W. Pollack

