

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

THOMAS LEONARD,      §           No. 08-15-00163-CR

      Appellant,      §           Appeal from the

§           120th District Court

THE STATE OF TEXAS      §           of El Paso County, Texas

      State.      §           (TC# 20110D02415)

§

# **O R D E R**

Appellant has filed a second motion to reconsider the denial of his motion to vacate the trial court's orders of release and detainer resulting in his transfer to the Texas Department of Criminal Justice - Institutional Division. The motion to reconsider cites several cases addressing the precise issue raised by Appellant. In none of those cases was the issue presented by motion. The Court of Criminal Appeals has addressed the issue in the context of a petition for writ of habeas corpus. *See e.g., Ex parte Rodriguez*, 597 S.W.2d 771 (Tex.Crim.App. 1980); *Ex parte Norvell*, 528 S.W.2d 129, 131 (Tex.Crim.App. 1975). As an intermediate appellate court, the Eighth Court of Appeals does not have original habeas corpus jurisdiction in criminal cases. The Corpus Christi Court of Appeals addressed the Article 42.09 issue in a direct appeal from the order setting the appeal bond but it did so while addressing the merits of the appeal. *See Rodriguez v. State*, 744 S.W.2d 361 (Tex.App.--Corpus Christi 1988, no pet.). A court of appeals may address matters incident to an appeal by motion, such as extension requests to file the record and the briefs, but we unaware of any authority permitting an appellate court to consider a motion which seeks to vacate the trial court's order transferring a prisoner from the county jail to the state penitentiary. In our view, this issue is part of the merits of the pending appeal related to the appeal bond. Appellant has not asked us to consider his motion as a petition for writ of mandamus, but mandamus relief is not available when a party has an adequate remedy by appeal. The issue presented by Appellant's motion can be raised in his brief which is due to be filed on September 3, 2015. The Court will take steps to expedite resolution of this appeal when Appellant's brief is filed.

IT IS SO ORDERED this 24th day of August, 2015.

PER CURIAM

Before McClure, C.J., Rodriguez and Hughes, JJ.