**Electronically Filed
Supreme Court
SCPW-20-0000615
16-NOV-2020
01:50 PM
Dkt. 16 ODDP**

SCPW-20-0000615

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

_____

ROLAND I. KEHANO, SR., Petitioner,

vs.

CIRCUIT COURT OF THE SECOND CIRCUIT, STATE OF HAWAIʻI;
and HAWAIʻI PAROLING AUTHORITY, STATE OF HAWAIʻI, Respondents.

_____

ORIGINAL PROCEEDING
(CAAP-20-0000587; CASE NO. 2PR191000002; CR. NO. 92-0560)

ORDER DENYING PETITION AND MOTIONS
(By: Recktenwald, C.J., Nakayama, McKenna, and Wilson, JJ.,
and Circuit Judge Morikawa, assigned by reason of vacancy)

On October 15, 2020, the appellate clerk's office received a 153-page document from petitioner Roland I. Kehano, Sr. in which he asks this court to reverse his conviction of murder in the second degree. The document was filed as a petition. In addition, on November 2, 2020 and November 4, 2020, respectively, petitioner filed motions seeking the identical relief. Upon consideration of the petition and the record, it appears that to the extent petitioner is seeking a writ of mandamus, he fails to demonstrate that he has a clear and indisputable right to the requested relief and is currently

seeking relief in S.P.P. No. 19-0002 and CAAP-20-0000587. In addition, to the extent petitioner is seeking a writ of habeas corpus, there is no special reason for this court to invoke its jurisdiction in this matter. Petitioner, therefore, is not entitled to the requested extraordinary writ from this court. See Kema v. Gaddis, 91 Hawaiʻi 200, 204, 982 P.2d 334, 338 (1999) (a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action); Oili v. Chang, 54 Haw. 411, 412, 557 P.2d 787, 788 (1976) ("[The supreme] court will not exercise its original jurisdiction in habeas corpus proceedings when relief is available in a lower court and no special reason exists for invoking its jurisdiction."). Accordingly,

IT IS HEREBY ORDERED that the petition and motions are denied.

IT IS HEREBY FURTHER ORDERED that the clerk of the appellate court shall process the petition without payment of the filing fee.

DATED: Honolulu, Hawaiʻi, November 16, 2020.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Trish K. Morikawa



2