## UNITED STATES ex rel. GAPINSKI v. RAGEN, Warden.

No. 8850.

Circuit Court of Appeals, Seventh Circuit.

Dec. 4, 1945.

Hubert J. Gapinski, Reg. No. 18823, of Menard, Ill., for appellant.

George F. Barrett, of Chicago, Ill. (William C. Wines, Asst. Atty. Gen., of counsel), for appellee.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

Petitioner sought by a writ of habeas corpus to obtain his release from the Illinois State Penitentiary located at Menard, Illinois, where he is now confined in the Psychiatric Division. After a hearing upon the writ, the district court denied petitioner's request and dismissed his petition. From this judgment petitioner has appealed. This court granted his request to proceed in forma pauperis and the necessary certificate of probable cause is of record.

The record discloses that petitioner is serving a sentence upon his third conviction. He was previously convicted for burglary in 1929 and 1933. After each conviction petitioner was paroled, and upon each occasion violated the terms of his parole. The offense for which petitioner is now confined is assault with intent to commit rape. He was sentenced in 1943 to serve a term of three to six years. It appears from the record that shortly after petitioner started the service of the last sentence he was transferred from the penitentiary at Joliet to the Psychiatric Division at Menard where the criminally insane are confined.

It is of this transfer which petitioner complains. He makes no contention but

that his original conviction was and is valid. His sole complaint is that he was "railroaded" to the institution for the insane.

Petitioner does not contend that he was insane at the time of his conviction but that at all times he was sane. In fact, his complaint now is that he has been committed to an institution for the mentally deficient when he is a sane person. We think a reading of his petition shows a lack of mental stability, but will discuss the points which it raises.

A statement of his contentions presented both to this court and the court below leaves little room for doubt but that he is confined in the proper institution. Petitioner claims that he is entitled to a trial by battle. Of course, this procedure is not available in Illinois. Ill.Stat.Ann. Chap. 38, Sec. 739.

■ Petitioner contends that he is entitled to a trial by record. He argues that by this he is entitled to bring in all the papers and documents which he has forwarded to various officials of both the state and federal governments. Obviously these are not part of the record in petitioner's cause.

■ Petitioner also contends that since the trial judge refused to subpoena several officials and psychiatrists he is entitled to a discharge. This was within the trial court's discretion and could not effect petitioner's release if his sentence is valid, and petitioner does not contend otherwise.

■ Petitioner's complaint is directed to his transfer from Joliet to Menard. This is an administrative function and one which is authorized by the Illinois Statutes. See Ill.Stat.Ann. Chap. 108, Secs. 110–112. In fact, the officials are required to make periodic examinations in order to determine whether or not any inmate of a penal institution should be transferred to the Psychiatric Division. The record demonstrates that the administrative officials followed the statute relative to petitioner's transfer. His complaint is without foundation for purposes of this petition.

■ Even though petitioner were transferred wrongfully, he is not entitled to a discharge by way of habeas corpus. The most he could accomplish would be a return to the penitentiary at Joliet as he has not completed his sentence.

The decision of the district court is affirmed.