**Larry Charles CLONCE, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**No. 69–C–287.**

United States District Court,
N. D. Oklahoma.

Feb. 25, 1970.

Nathan G. Graham, U. S. Atty., for respondent.

Larry Charles Clonce in pro. per.

## ORDER

BARROW, Chief Judge.

The Court has before it a petition pursuant to T. 28 U.S.C. § 2255 filed by the petitioner, Larry Charles Clonce, wherein petitioner alleges that his rights to due process and equal protection of the law have been abridged. Petitioner's position is that he was found guilty in Cause of Action No. 13685 in 1961. His appeal was not perfected through no fault of his own in 1961, and he was not granted an appeal until 1965. The petitioner contends that his right to elect not to commence service of his sentence pending appeal pursuant to Rule 38(a) (2) was abridged by "judicial discontinuance", and that the later appeal did not cure such denial; and, that thereby the sentence in Cause of Action No. 13685 was unconstitutional and void. Further, he contends that the sentence he is now serving, of ten years consecutive to the sentence in No. 13685, is impossible of being served consecutive to a void sentence and has therefore actually been completed.

The Court finds the actual facts are that the petitioner was sentenced in the Western District of Oklahoma to three years imprisonment on March 13, 1961. Within three months of the commencement of that three-year sentence, he was brought by writ from El Reno, Oklahoma, to the Northern District of Oklahoma to stand trial on a charge of bank robbery. In the Northern District of Oklahoma Cause of Action No. 13685, he was tried by jury, found guilty, and, on June 7, 1961, he was sentenced to ten years imprisonment concurrent with the sentence imposed in the Western District of Oklahoma. His appeal in Cause of Action No. 13685 was not perfected in

1961; but, in 1965, he was granted leave to prosecute an appeal in forma pauperis, and the judgment of the trial Court was affirmed. Clonce v. United States, 356 F.2d 912 (10th Cir. 1966).

During the latter part of June, 1961, the petitioner was transferred to an Indiana prison and in Terre Haute, Indiana, in Cause of Action No. T.H. 68–CR–3, the petitioner was found guilty of voluntary manslaughter of an inmate, and received June 28, 1962, a sentence of ten years imprisonment to be served consecutive to the concurrent sentences petitioner was then serving from the Western and Northern Districts of Oklahoma.

■■ The Court finds that the petitioner's allegations are completely frivolous and wholly without merit and that the Section 2255 petition should be denied. The petitioner was at no time eligible, even on bond, to be released from prison pending an appeal. Had he elected not to commence service of his sentence pending his appeal in either 1961 or 1965, such an election would have meant that he would have been held in jail with no credit for such days of incarceration toward his sentence imposed in No. 13685. In 1966, Rule 38(a) (2) was amended to eliminate the "dead" time prisoners were electing to serve to their detriment under said rule. Further, an election not to commence service of sentence did not prevent the prisoner's transfer from a jail to a more suitable and equally convenient institution pending appeal upon the proper order of the Director of the United States Prisons. See Lowe v. Hiatt, M.D.Pa.1948, 77 F.Supp. 303; and Black v. United States, C.A. 10th Cir. 1962, 301 F.2d 418.

■ Petitioner has also filed herein a Motion for Appointment of Counsel to assist him with his Section 2255 petition. The Court finds that the appointment of counsel and an evidentiary hearing are not required when there is sufficient evidence before the Court to determine the merits of a petition. Since the Court finds that the Section 2255 petition

should be denied, the motion for appointment of counsel is moot and should be overrruled.

It is, therefore, ordered that the Motion for Appointment of Counsel to assist in petitioner's Section 2255 petition be and it is hereby overruled.

It is further ordered that the Section 2255 petition of Larry Charles Clonce to vacate, set aside, and dismiss the judgment, sentence and commitment in Criminal Cause of Action No. 13685 be and it is hereby denied and dismissed.