Patrick J. STEARNS, Petitioner-Appellee,

v.

Jacob J. PARKER, Respondent-Appellant.

No. 71-2871.

United States Court of Appeals,
Ninth Circuit.

Nov. 27, 1972.

Stan Pitkin, U. S. Atty., Charles W. Billinghurst, Asst. U. S. Atty., Tacoma, Wash., John E. Havelock, Atty. Gen., Anchorage, Alaska, Seaborn J. Bucka-

lew, Jr., Dist. Atty., Robert L. Eastaugh, Charles M. Merriner, Asst. Dist. Attys., Third Judicial Dist., Anchorage, Alaska, for respondent-appellant.

J. Anthony Hoare, of Horswill, Keller, Rohrback, Waldo & Moren, Seattle, Wash., for petitioner-appellee.

Before HAMLEY, DUNIWAY and CHOY, Circuit Judges.

PER CURIAM:

Patrick J. Stearns was convicted in Alaska state court on two counts of forgery. Two seven-year concurrent sentences were imposed. Stearns was incarcerated in the federal penitentiary at McNeil Island, Washington in 1968 pursuant to a contract between Alaska and the federal government. In August 1971, his petition for habeas corpus was granted by the district court upon a determination that Alaska law required his release. The custodian and the State of Alaska appeal contending that Stearns failed to exhaust available state remedies and that the district court improperly interpreted an Alaska statute.

Stearns was in a federal prison pursuant to the judgment of an Alaska state court. The federal authorities were acting solely as agents for Alaska and Alaska retained jurisdiction over its prisoner.[1] Stearns is therefore a state prisoner, Eckman v. Byington, 290 F.2d 1, 2 (9th Cir. 1961), and cannot avail himself of federal habeas relief in the absence of proof of exhaustion of state remedies or that state remedies are ineffective. 28 U.S.C. § 2254(b). Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Keeton v. Procunier, 468 F.2d 810 (9th Cir. 1972). This he has not done.

We do not reach the question of whether the district court's interpretation of the Alaska statute was proper because of the exhaustion deficiency present. We decline to suggest any resolution on the merits of that issue. Slayton v. Smith, 404 U.S. 53, 92 S.Ct. 174, 30 L.Ed. 2d 209 (1971).

The order of the district court granting the writ of habeas corpus is vacated. The district court will hold the matter in abeyance for sixty days after receipt by it of the mandate herein to permit the appellee to seek relief in the courts of Alaska. If appellee does file for such state court relief within that time, the district court shall continue to hold the matter until it is finally concluded in the state courts. During the time this matter is held in abeyance, appellee shall be deemed released on bail on his personal recognizance.

Reversed and remanded with directions.