**Vincent Louis CAPITAN, Petitioner,**

**v.**

**Hoyt C. CUPP, Superintendent, Oregon State Penitentiary, Respondent.**

**Civ. No. 72–738.**

United States District Court,
D. Oregon.

Dec. 6, 1972.

Fredric R. Merrill, University or Oregon School of Law, Eugene, Or., for petitioner.

Lee Johnson, Atty. Gen., John H. Clough, Asst. Atty. Gen., Salem, Or., for respondent.

## OPINION

SOLOMON, Judge:

In May, 1968, Vincent Capitan was convicted of larceny and was sentenced to five years imprisonment. This sentence was later enhanced to a maximum term of 20 years under the Oregon Habitual Criminal Act, ORS 168.015 et seq. (repealed 1971). On December 1, 1968, Capitan was convicted and sentenced to life imprisonment for the murder of a prosecution witness prior to the larceny trial.

Capitan remained in Oregon State Penitentiary through October 31, 1971. On November 1, 1971, he was transferred to the federal penitentiary in Leavenworth, Kansas. The Superintendent of the Oregon State Penitentiary later testified that Capitan was transferred because of his involvement in the narcotics trade within the prison. No hearing was held and Capitan was never given the opportunity to disprove this allegation. He now seeks habeas corpus relief here, contending that he must be returned to the Oregon State Penitentiary and that he cannot be transferred without prior notice and a hearing.

I find that Capitan is entitled to a hearing on the charges which led to his transfer.' Limitations on the constitutional rights of prison inmates have recently been the source of considerable litigation. The courts are now holding that the procedures leading to a serious change in a prisoner's confinement must comport with at least the most basic elements of procedural due process. Clutchette v. Procunier, 328 F.Supp. 767 (N.D.Cal.1971); Krause v. Schmidt, 341 F.Supp. 1001 (W.D.Wis.1972); Sostre v. McGinnis, 442 F.2d 178 (2d Cir. 1971), cert. denied, 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740 (1972), 405 U.S. 978, 92 S.Ct. 1190, 31 L.Ed.2d 254 (1972) ("[O]ur constitutional scheme does not contemplate that society may commit lawbreakers to the capricious and arbitrary actions of prison officials." at 198).

The right to a hearing is essential to procedural due process. Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). *Goldberg* has been cited as authority for granting prison inmates a full hearing on the charges surrounding a serious change in confinement status. *Krause* and *Clutchette, supra*; Landman v. Royster, 333 F.Supp. 621 (E.D.Va.1971). I am satisfied that the transfer of a prisoner from a state institution to a federal prison 2,000 miles from his family and his home is a "grievous loss" which requires the imposition of some procedural safeguards.

The task of administering a modern penal institution is a difficult one. I do not pretend to assume the role of warden. I only hold that Capitan was entitled to a hearing before the prison authorities either prior to or a reasonable time after his transfer.

This opinion shall serve as findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a).