**Francis X. LEAHY, Plaintiff,**

v.

**W. J. ESTELLE, Jr., Director, Texas Department of Corrections, et al., Defendants.**

**Civ. A. No. CA-3-7571-D.**

United States District Court, N. D. Texas, Dallas Division.

Feb. 1, 1974.

William R. Neil, Dallas, Tex., for plaintiff.

Max Flusche, Austin, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

ROBERT M. HILL, District Judge.

The Motion to Dismiss filed by the Defendants came on for hearing before the court, Honorable Robert M. Hill, United States District Judge. The court has considered the motion and is of the opinion that the motion should be sustained and this case dismissed.

The plaintiff, Francis Xavier Leahy, at the time this suit was originally filed, was a prisoner of the State of Texas in the custody of Clarence Jones, Sheriff of Dallas County, pursuant to a conviction for felony robbery. On September 20, 1973, while the plaintiff's conviction was being appealed, he was transferred to the Texas Department of Corrections under the provisions of Vernon's Tex. Code Crim.Proc.Ann. art. 42.09 (Supp. 1974), which reads in part as follows:

Sec. 4. If a defendant is convicted of a felony and sentenced to death, life, or a term of more than fifteen (15) years in the Department of Corrections and he gives notice of appeal, he shall be transferred to the Department of Corrections on a commitment pending a mandate from the Court of Criminal Appeals.

Sec. 5. If a defendant is convicted of a felony and his sentence is a term of fifteen (15) years or less and he gives notice of appeal, he shall be transferred to the Department of Corrections on a commitment pending a mandate from the Court of Criminal Appeals upon request in open court or upon written request to the sentencing court. Upon a valid transfer to the Department of Corrections under this section, the defendant may not thereafter be released on bail pending his appeal.

Sec. 6. If a defendant is transferred to the Department of Corrections pending appeal under Section 4 or 5, his sentence shall be computed as if no appeal had been taken if the appeal is affirmed.

Sec. 7. All defendants who have been transferred to the Department of

Corrections pending the appeal of their convictions under this article, shall be under the control and authority of the Department of Corrections for all purposes as if no appeal were pending.

Plaintiff brings this suit under the Civil Rights Act and the essence of his allegations is that article 42.09 is unconstitutional because when a prisoner is transferred to the Texas Department of Corrections while his case is being appealed he is forced to perform the labor tasks of regular inmates and is thereby deprived of the time to work on his appeal and deprived of full access to legal materials, books and counsel *at all times.* Plaintiff seeks a declaration that article 42.09 is unconstitutional and an injunction returning him to the custody of the county jail until his appeal has been prosecuted. In the alternative, plaintiff requests that this court direct the Texas Department of Corrections to allow prisoners who have cases on appeal full and comprehensive access to legal material and to their attorneys at all times, and that these same prisoners not be given any work tasks to perform while their cases are on appeal. Based on an examination of plaintiff's petition, this court is of the opinion that this suit falls within the traditional scope of habeas corpus relief and the requirement of exhaustion of state remedies. Since plaintiff has failed to exhaust state remedies his suit must be dismissed.

Plaintiff's complaint does not request any damages but merely attacks his custody by the Texas Department of Corrections. Plaintiff's challenge to the fact of his confinement with the Texas Department of Corrections is as "[close to] the core of habeas corpus [as an] attack" on his conviction for it goes directly to the constitutionality of his physical confinement by the Texas Department of Corrections prior to a final conviction. Preiser v. Rodriquez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). The fact that plaintiff does not contest his confinement by Dallas county authorities, but only "the fact" of his confinement by the Texas Department

of Corrections which is administered by the State of Texas, does not distinguish this case from *Preiser.* As suggested by the Court in *Preiser,* "[w]hen a prisoner is put under additional and unconstitutional restraints during his lawful custody . . . habeas corpus will lie to remove the restraints making the custody legal." *See,* In re: John Bonner, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149 (1894) (prisoner who is transferred to unauthorized prison, is entitled to habeas corpus relief); Stearns v. Parker, 469 F.2d 1090 (9th Cir. 1972) (federal habeas corpus attacking transfer of prisoner, requires exhaustion of state remedies; Floyd v. Henderson, 456 F.2d 1117 (5th Cir. 1972) (habeas corpus challenge to the transfer of federal prisoner to a state prison); Mead v. Meir, 449 F.2d 732 (9th Cir. 1971), cert. denied, 406 U.S. 908, 92 S.Ct. 1617, 31 L.Ed.2d 819 (1972) (habeas corpus by state prisoner challenging transfer to federal prison pursuant to agreement between State of Alaska and Department of Justice); Smith v. Follette, 445 F.2d 955 (2d Cir. 1971) (Kaufman, J., concurring) (habeas corpus is proper remedy for state prisoner seeking transfer to state hospital for treatment); Konigsberg v. Ciccone, 417 F.2d 161 (8th Cir. 1969), cert. denied, 397 U.S. 963, 90 S. Ct. 996, 25 L.Ed.2d 255 (1970) (habeas corpus petition seeking the return of state prisoner to federal medical center); Franklin v. Meredith, 386 F.2d 958 (10th Cir. 1967) (habeas corpus, not civil rights suit, was proper method for challenging transfer of state prisoner to state hospital); Creek v. Stone, 126 U.S.App.D.C. 329, 379 F.2d 106 (1967) (habeas corpus is proper remedy for one protests his confinement in a certain place); Pigg v. Patterson, 370 F.2d 101 (10th Cir. 1966) (habeas corpus by unconvicted state prisoner who was transferred from hospital to state penal institution); Lipscomb v. Stevens, 349 F.2d 997 (6th Cir. 1965), cert. denied, 382 U. S. 993, 86 S.Ct. 573, 15 L.Ed.2d 479 (1966) (habeas corpus petition to enjoin transfer of federal prisoner to state prison); Eckman v. Byington, 290 F.2d

1 (9th Cir. 1961) (federal habeas corpus by state prisoner attacking out of state transfer—state remedies should first be exhausted); Duncan v. Madigan, 278 F. 2d 695 (9th Cir. 1960), cert. denied, 366 U.S. 919, 81 S.Ct. 1096, 6 L.Ed.2d 242 (1961) (habeas corpus attacking the custody of state prisoner in federal prison); Miller v. Overholser, 92 U.S.App. D.C. 110, 206 F.2d 415 (1952) (habeas corpus held to be proper remedy for attack on hospital's custody of a prisoner awaiting trial); United States ex rel. Gapinski v. Ragen, 152 F.2d 268 (7th Cir. 1945) (habeas corpus by state prisoner attacking transfer to psychiatric institution); Park v. Thompson, 356 F. Supp. 783 (D.Hawaii 1973) (habeas corpus, not civil rights suit, was proper action to challenge transfer from state prison to federal prison); Capitan v. Culp, 356 F.Supp. 302 (D.Ore.1972) (habeas corpus brought by state prisoner who had been transferred to federal prison); Walters v. Henderson, 352 F. Supp. 556 (N.D.Ga.1972) (habeas corpus seeking release to general prison population); United States ex rel. Murray v. Owens, 341 F.Supp. 722 (S.D.N.Y.1972), rev'sd on other grounds, 465 F.2d 289 (2d Cir. 1972) (habeas corpus is proper for convicted juvenile who protests only his confinement in a certain place); Clonce v. United States, 317 F.Supp. 650 (N.D.Okla.1970) aff'd, 432 F.2d 442 (10th Cir. 1970) (habeas corpus attack on transfer of prisoner to federal institution pending appeal); Peek v. Ciccone, 288 F.Supp. 329 (W.D.Mo.1968) (habeas corpus contesting transfer of prisoner to medical center); Little v. Swenson, 282 F.Supp. 333 (W.D.Mo. 1968) (habeas corpus challenge to transfer of federal prisoner to state prison); Wilson v. Rodgers, 274 F.Supp. 39 (D. D.C.1967) (habeas corpus petition contesting removal of prisoner from District of Columbia jail to National Training School for Boys); Simon v. State of Maryland, 227 F.Supp. 588 (D.Md. 1964) (state prisoner seeking transfer from juvenile center to state penal institution, must first pursue state habeas corpus relief); United States ex rel. Or-mento v. Warden, 216 F.Supp. 609 (D. Kan.1963) (habeas corpus petition attacking removal of prisoner from district of conviction while case was being appealed.

Additionally there are stronger considerations of comity than there were in *Preiser* which dictate that the plaintiff pursue the habeas corpus route and exhaust his state remedies. First, plaintiff seeks a construction of a new state law which in the opinion of this court is constitutional on its face. This court can find no authority for the general proposition that a prisoner has a vested constitutional right to be imprisoned at a particular institution. Moore v. United States Attorney General, 473 F.2d 1375 (5th Cir. 1973); Pigg v. Patterson, 370 F.2d 101 (10th Cir. 1966); Lipscomb v. Stevens, 349 F.2d 997 (6th Cir. 1965). Second, an exhaustion of state habeas corpus remedies would give the state courts the first opportunity to construe this new statute and scrutinize its application. And finally, and most important, state habeas corpus proceedings in Texas are held before the convicting state court judge. It is this judge who is more familiar with the relative merits of a prisoner's appeal, the necessity of extensive client-attorney conferences during the prisoner's appeal, the need for a prisoner to assist his attorney in researching legal issues, and any other consideration which would merit the retention of a prisoner in the county of his conviction. For the foregoing reasons this court is of the opinion that the proper remedy for the allegations raised by the plaintiff is habeas corpus and that the plaintiff should first exhaust his state habeas corpus remedies before this federal court should assume jurisdiction over the matter.

■■ Assuming *arguendo* that a civil rights action is the proper relief for the claims asserted by plaintiff, this court is of the opinion that the plaintiff's cause of action does not raise any cognizable federal constitutional questions. There is no federally protected right of a state prisoner not to work while imprisoned after conviction, even

though that conviction is being appealed. Stiltner v. Rhay, 322 F.2d 314 (9th Cir. 1963), cert. denied, 376 U.S. 920, 84 S. Ct. 678, 11 L.Ed.2d 615 (1964); Draper v. Rhay, 315 F.2d 193 (9th Cir. 1963) cert. denied, 375 U.S. 915, 84 S.Ct. 214, 11 L.Ed.2d 153 (1963). Additionally the plaintiff does not allege that he has been denied access to legal materials or his counsel but that he is not given *full* access to legal materials and counsel "*at all times*" because of his prison duties. This allegation alone is insufficient to state a cause of action under the Civil Rights Act.

It is therefore ordered that:

(a) the motion to dismiss filed by the defendants is sustained;

(b) the motions to intervene are hereby denied;

(c) the request for a three-judge court is denied because of the insubstantiality of a constitutional question;

(d) this cause of action is dismissed without prejudice to the filing of a habeas corpus petition after the exhaustion of the appropriate state remedies; and,

(e) this shall constitute the final judgment for this cause of action.