**MOUNT VERNON FIRE INSURANCE COMPANY, Plaintiff,**

v.

**Keith HICKS, G & K Management Services, Inc., d/b/a Omni Convalescent Center, and Estate of Allison Crooks, by Linda Crooks–Banks, Its Personal Representative, Defendants.**

Civ. A. No. 94–72080.

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 22, 1994.

---

**948**

Howard J. Radner, Thurswell, Chayet and Weiner, Southfield, MI, for Linda Crooks–Banks.

John P. Jacobs, O'Leary, O'Leary, Jacobs, Mattson & Perry, P.C., Southfield, MI, for G.K. Mgmt. Serv. Inc.

Kenneth M. Mattson, O'Leary, O'Leary, Jacobs, Mattson & Perry, P.C., Southfield, MI, for Mt. Vernon Fire Ins.

*MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT*

GADOLA, District Judge.

Plaintiff Mount Vernon Fire Insurance Company is seeking a declaratory judgment that it has no duty to defend or to indemnify its insured, defendant G & K Management Services, Inc. ("G & K"), in a pending state court wrongful death action. This court's jurisdiction is based upon the diversity of the parties, and plaintiff is seeking declaratory relief pursuant to 28 U.S.C. § 2201. Before the court are the parties' cross-motions for summary judgment. Pursuant to Local Rule 7.1(e)(2) (E.D.Mich. Jan. 1, 1992), the court will dispense with oral argument and decide the motions on the briefs submitted by the parties. For the reasons stated below, the court will grant plaintiff's motion.

## I. Background

On September 24, 1993, defendant Estate of Allison Crooks brought a wrongful death suit against defendant Keith Hicks and G & K alleging that Crooks died as a result of an assault committed by Hicks. G & K operates the Omni Convalescent Center ("Omni"), the nursing home where Crooks resided until his death. Hicks is a nurse's aide employed at Omni who is accused of beating the decedent into a comatose state from which he eventually died.

Plaintiff provides a comprehensive insurance policy that was purchased by G & K for the operation of its nursing home. Soon after receiving the underlying state court complaint from G & K in October 1993, plaintiff sent G & K a letter in which it reserved its rights under the policy to deny coverage under the policy's "Molestation and Abuse Exclusion." Plaintiff also informed G & K that it was undertaking an investigation of the state complaint to determine if the exclusion was applicable. Plaintiff sent a similar letter to Hicks.

On May 25, 1994, plaintiff filed its complaint against G & K, Hicks, and the Crooks estate for a declaratory judgment. Plaintiff alleges that it has no duty under the exclusion provision in the insurance policy issued

to G & K to either defend or indemnify the company in the Crooks litigation. In addition, plaintiff is seeking recovery of the costs expended in defending the underlying suit and in pursuing this action. In its motion for summary judgment, plaintiff claims that it is appropriate for this court to grant declaratory relief, and that under the unambiguous language of the insurance policy it has no duty to defend or indemnify.

In response, defendants G & K and Hicks have filed their own motion for summary judgment in which they argue that the court should decline to grant declaratory relief in the exercise of its discretion. In addition, Hicks and G & K claim that the factual record is inadequate to make a final decision on the application of the provisions of the insurance policy at issue. The Crooks estate has joined the motion brought by Hicks and G & K.

## II. Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984) (citation omitted) (quoting Black's Law Dictionary 881 (6th ed. 1979)). The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210–11 (6th Cir.1984).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 861 (6th Cir.1986).

The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg*, 801 F.2d at 861.

To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986).

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted). *See Catrett*, 477 U.S. at 322–23, 106 S.Ct. at 2552; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed.R.Civ.P. 50(a). *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd*, 929 F.2d 701 (6th Cir.1991). The evidence itself need not be the sort admissible at trial. *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir.1990). However, the evidence must be more than the nonmovant's own pleadings and affidavits. *Id.*

## III. Analysis

In its motion for summary judgment, plaintiff makes the following two claims: (1) declaratory relief is appropriate in this case; (2) under the terms of the insurance policy, it has no duty to defend or to indemnify G & K and Hicks in the underlying state court complaint. The court will address each of these issues in turn.

### A. Appropriateness of Declaratory Relief

■ According to 28 U.S.C. § 2201, "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration." The decision of whether to grant such declaratory relief is within the discretion of the court. *Public Affairs Press v. Rickover,* 369 U.S. 111, 112, 82 S.Ct. 580, 581, 7 L.Ed.2d 604 (1962).

In exercising its discretion, the court will consider the criteria set forth by the Sixth Circuit in *Allstate Ins. Co. v. Mercier,* 913 F.2d 273, 277 (6th Cir.1990). The Sixth Circuit gave the following guidance:

> We apply the following general principles in determining whether a declaratory ruling is appropriate:

>> The two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. It follows that when neither of these results can be accomplished, the

court should decline to render the declaration prayed.

*Id.* The Sixth Circuit also listed the following five factors to be considered in deciding whether to grant relief under section 2201:

(1) whether the declaratory action would settle the controversy;

(2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;"

(4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and

(5) whether there is an alternative remedy which is better or more effective.

*Id.*

After careful consideration of the factors delineated above, the court finds that it is appropriate to exercise its discretion to declare whether plaintiff has a duty to defend or indemnify G & K and Hicks in the underlying state court lawsuit.[1] Resolution of this issue will serve a useful purpose in clarifying the legal relations in dispute. Plaintiff and G & K disagree over the extent of coverage offered by the insurance policy at issue in relation to the state court complaint. *Allstate Ins. Co. v. Green,* 825 F.2d 1061, 1067 (6th Cir.1987) (an "insurer is entitled to have the extent of coverage of its policy declared;" liability of insured should not be considered). This court's consideration of the dispute will be helpful in settling this controversy.[2] In addition, there is no indication that this ac-

---

1. Defendants cite *American Home Assurance Co. v. Evans,* 791 F.2d 61 (6th Cir.1986) and *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.,* 791 F.2d 460 (6th Cir.1986) as support for their claim that the court should find that consideration of plaintiff's request for declaratory relief is inappropriate. However, as the Sixth Circuit explicitly stated in *Allstate Ins. Co. v. Green,* 825 F.2d 1061, 1066 (6th Cir.1987), the decisions in *Manley, Bennett* and *American Home* "were not intended to preclude totally the availability of § 2201 actions involving insurance coverage questions." In fact, the court stated that the declaratory judgment act is "an extremely useful procedural device for adjudicating dis-

putes concerning insurance." *Id.* In addition, none of the factors that made declaratory relief inappropriate in *Manley, Bennett* or *American Home* are present here.

2. Defendants contend that consideration of declaratory relief in this case amounts to a determination of culpability in the underlying case. The court finds this contention wholly without support. In the state complaint, the only operative allegation is that Hicks assaulted Crooks and that G & K may be responsible for this event. A determination of the applicability of the exclusion clause to these allegations, in this situation, does not require a decision on culpability.

tion has been undertaken for purposes of procedural fencing, to provide an arena for a race for res judicata, or that friction between the federal and state courts will result. *See, e.g., id.* at 1066 (findings in Michigan state tort suits are not res judicata in a later exclusion action under an intentional acts clause). Under these circumstances, consideration of plaintiff's complaint under section 2201 is appropriate.

### B. Insurance Policy

■ Plaintiff contends that the instant insurance policy contained an unambiguous exclusionary clause that excluded coverage for injuries resulting from abuse and molestation. In response, defendants claim that there is inadequate evidence in the underlying state action to support a claim of assault. As a result, G & K contends that it is likely that the Crooks estate will amend its complaint in order to add other causes of action that may be covered by the insurance policy.

■ Under Michigan law, the unambiguous provisions of an insurance contract will be enforced as written. *Ray Indus. v. Liberty Mutual Ins. Co.*, 974 F.2d 754, 758 (6th Cir.1992). Coverage under a policy of insurance is lost if any exclusion within the policy applies to an insured's particular claims. *Fresard v. Michigan Millers Mutual Ins. Co.*, 414 Mich. 686, 695, 327 N.W.2d 286 (1982). In addition, an insurer is not required to defend claims specifically excluded from policy coverage. *Meridian Mutual Ins. Co. v. Hunt*, 168 Mich.App. 672, 677, 425 N.W.2d 111, *app. denied*, 431 Mich. 874 (1988).

In this case, plaintiff relies upon the following exclusionary provision to support its claim that it has no duty to defend or indemnify G & K and Hicks in the underlying state court litigation:

Molestation or Abuse Exclusion

This policy does not apply to any injury sustained by any person arising out of or resulting from molestation or abuse by:

1. any Insured;

2. any employee of any Insured, or

3. any person performing volunteer services for or on behalf of any Insured, or

4. any other person.

The Company shall not have any duty to defend any suit against the Insured seeking damages on account of any such injury. The intent of this endorsement is to exclude all injury sustained by any person, including emotional distress, arising out of molestation or abuse, including but not limited to molestation or abuse caused by negligent employment, investigation, supervision or reporting to the proper authorities, or failure to so report, or retention, of a person for whom any Insured is or ever was legally responsible.

Plaintiff's ex. B.

In order to determine if the molestation and abuse provision is applicable, the court must examine the underlying complaint. In the complaint, the Crooks estate makes the following allegations:

7. On July 15, 1992, Plaintiff's decedent was assaulted by Defendant, Keith Hicks, a nurse's aide employed by Defendant nursing home.

8. Defendant, Keith Hicks, was the agent, servant and employee of Defendant nursing home.

9. Defendant, Keith Hicks, was acting in the course and scope of his employment by Defendant nursing home when he assaulted Plaintiff's decedent on July 15, 1992.

10. As a result of the assault perpetrated by Defendant, Keith Hicks, Plaintiff's decedent sustained a massive intracerebral hemorrhage with transfalcin herniation with [sic] rendered him comatose until his death on August 18, 1992.

Plaintiff's ex. A. Later, the complaint states that G & K is liable for the wrongful death because it "[a]llowed its employees and other residents to physically assault, abuse and injury [sic] Plaintiff's decedent" and that it "[n]egligently hired, trained and supervised its employee, Defendant, Keith Hicks." The Crooks estate relies entirely upon the allegation of assault by defendant Hicks as the cause of the injuries and death of the decedent.

The court finds that plaintiff has no duty to defend or to indemnify G & K or Hicks in the underlying state court complaint. In addition, plaintiff has no obligation to the Crooks estate. The claim of assault and each of the claims that are derivative of it are directly excluded by the molestation and abuse provisions of the insurance policy.

■ Defendants do not dispute that the assault allegation and the related claims are covered by the exclusion provision. However, they do argue that the factual record in the state case is inadequate and that additional causes of action may be added which may be covered by the policy. The court finds that this argument amounts to mere speculation unsupported by anything presented by the parties. In fact, because discovery has already been completed and the case is ready for trial, it is unlikely that the underlying complaint will be amended.

■ Defendants also claim that summary judgment in favor of plaintiff is inappropriate because there is insufficient evidence to support a claim of assault. Although this may be the case, the molestation and abuse provision is still applicable. Whether or not Allison Crooks died as a result of an assault committed by Keith Hicks, the exclusionary provision protects plaintiff from having to provide coverage or a defense to such an allegation where it is the only operative claim in the complaint. Plaintiff has established that none of the claims asserted in the underlying complaint are arguably covered by the insurance policy, regardless of culpability.

## IV. Conclusion

The court finds that it is appropriate to exercise its discretion in deciding plaintiff's request for declaratory relief under 28 U.S.C. § 2201. Resolution of the issues presented will serve a useful purpose in clarifying and settling a legal dispute. In addition, there is no indication that a decision in this case will result in tension between federal and state courts or that it will be used for procedural fencing. Finally, the court finds that there is no reasonable alternative way in which to settle this controversy.

The court also finds that under the unambiguous language of the insurance policy, plaintiff has no duty to defend or indemnify any of the defendants in the underlying state court action. Coverage under the policy issued to G & K is excluded by the molestation and abuse provision. As a result, plaintiff is entitled to summary judgment.

Finally, in its motion, plaintiff seeks recovery of the costs and attorney fees expended in the present action and in the defense of the state complaint. However, plaintiff has provided no basis upon which to grant such relief. As a result, the court will not include an award for fees and costs in the final judgment.[3]

### ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that defendants' motion for summary judgment is **DENIED**.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is **GRANTED**.

**SO ORDERED.**

---

**3.** The court notes, however, that plaintiff is free to file a motion to amend the court's judgment to add fees and costs if it can establish any basis for such an award.