NO. 07-01-0399-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 22, 2002

_____

EX PARTE JOSEPH STEWART, III

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-001,622; HONORABLE BRADLEY UNDERWOOD, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Relator Joseph Stewart, III brings this appeal from the trial court's denial of his application for writ of habeas corpus. Finding no error in the trial court's ruling, we affirm the order of the trial court.

On August 21, 2001, relator filed a pro se petition seeking a writ of habeas corpus in which he challenged his assignment to a psychiatric unit of the Texas Department of Criminal Justice, Institutional Division and its treatment of him, involuntarily, by the use of

anti-psychotic drugs.[1] In his petition, he alleged he was deprived of his due process rights in violation of *Washington v. Harper*, 494 U.S. 210, 110 S.Ct. 1028 108 L.Ed.2d 178 (1990). A copy of the petition was served on the Lubbock County District Attorney, who did not file a response. On September 16, 2001, without a hearing, the trial court denied the petition. Hence, this appeal.

On November 13, 2001, relator filed a motion seeking the appointment of counsel on appeal. On November 26, 2001, we disposed of this motion by noting that his claim was in the nature of a civil action for which no right to appointment of counsel exists. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). Relator filed his pro se brief on November 29, 2001, and an amended pro se brief on December 7, 2001. On December 21, 2001, we notified relator that we had overruled his "motion for rehearing." In response, relator contacted us by letter dated January 21, 2002, questioning whether we had made a final disposition of his appeal. We had not finally disposed of his appeal and we now proceed to consider the merits of his appeal.

In his summary of argument in his brief, relator succinctly states his contention that habeas corpus is the proper mechanism for challenging additional conditions of his incarceration, even if the remedy sought would not result in his release. In support of that proposition, relator cites *Leahy v. Estelle*, 371 F.Supp. 951, *aff'd*, 503 F.2d 1401 (5th Cir. 1974). In that case, the court cited numerous examples of the use of habeas corpus to

---

[1] Parenthetically, we note that in his pro se brief, relator makes no contention, nor does he give any indication, that the medication impaired his ability to present his claims to this court.

challenge confinement in a particular place or under particular conditions. *Id.* at 953-54. It particularly noted *Preiser v. Rodriquez*, 411 U.S. 475, 93 S.Ct.1827, 36 L.Ed.2d 439 (1973), in which the Court stated, "when a prisoner is put under additional and unconstitutional restraints during his lawful custody . . . habeas corpus will lie to remove the restraints making the custody legal." *Id.* at 499.

However, it is important to recognize that the holdings in *Leahy* and *Preiser* were bottomed on the federal habeas corpus statute, 26 U.S.C. § 2254(b), and recited that the statute "does not deny the federal courts the power to fashion appropriate relief other than the immediate release." *Preiser*, 411 U.S. at 487 (citing *Peyton v. Rowe*, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968)). Because *Preiser* involved a challenge to the removal of "good time" credit, it concerned the length rather than the conditions of confinement, making the statement with regard to other conditions of confinement *dicta*. The case reaffirmed decisions holding section 1983[2] actions are the proper remedy for challenges to the conditions, rather than the length, of confinement. 411 U.S. at 499. Federal courts have consistently construed federal habeas corpus relief to require exhaustion of state remedies. *Preiser,* 411 U.S. at 489; *Steams v. Parker*, 469 F.2d 1090 (9th Cir. 1972).

Texas courts view the scope of habeas corpus differently from the federal courts. Entitlement to habeas corpus relief under Texas law requires that a decision in the prisoner's favor on a dispositive issue results in his immediate release. *Headrick v. State*, 988 S.W.2d 226, 228 (Tex.Crim.App. 1999); *Ex parte Ruby*, 403 S.W.2d 129, 130

---

[2]42 U.S.C. § 1983.

(Tex.Crim.App. 1966).  In *Ex parte Benavides*, 801 S.W.2d 535 (Tex.App.--Houston [1st Dist.] 1990, writ dism'd w.o.j.), the court held that an inmate's complaints concerning the terms and conditions of his confinement, including administration of improper medication, were not the type of "restraint" necessary for habeas corpus relief.  Because relator only seeks reassignment from a psychiatric unit to the general prison population and withdrawal of his involuntary medication, a decision in his favor would not result in his immediate release.  That being true, he is not entitled in habeas corpus relief in state court.

For the reasons stated, the trial court's order must be, and is hereby, affirmed.


John T. Boyd
Chief Justice

Publish.

4