NO. 07-03-0047-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 12, 2005

_____

WILLIE A. MILTON, APPELLANT

v.

JANIE COCKRELL, DIRECTOR, APPELLEE

_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 32,780; HON. LEE WATERS, PRESIDING

_____

Before QUINN, C.J., REAVIS, J., and BOYD. S.J.[1]

**MEMORANDUM OPINION**

In this proceeding, appellant Willie A. Milton appeals the dismissal, pursuant to Texas Civil Practice and Remedies Code section 14.003, of an application filed by him in the trial court. We affirm the trial court's dismissal.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

This matter arises from a document filed by appellant in the trial court which he characterized as a "Letter Form [sic] Application for Writ of Habeas Corpus." In that instrument, he contends that Janie Cockrell, as Director of the Institutional Division of the Texas Department of Criminal Justice, was violating his constitutional rights by not mailing 95 letters to various district clerks throughout Texas and, specifically, by failing to mail one letter to the Gray County District Clerk. In dismissing appellant's proceeding, the trial court found that appellant's claims had no arguable basis in law or in fact and that appellant's chances of ultimate success were slight. *See* Tex. Civ. Prac. & Rem. Code Ann. §14.003 (Vernon 2002).

In his appeal, appellant, acting *pro se*, contends the trial court 1) abused its discretion in finding that his claims had no basis in law or in fact and, realistically, had no more than a slight chance of ultimate success, 2) abused its discretion in construing appellant's claims as inmate litigation subject to Chapter 14 of the Civil Practice and Remedies Code (the Code), rather than an application for *habeas corpus,* and 3*)* lacked jurisdiction to dismiss his claims if they were subject to Chapter 14 because such claims are governed by the mandatory venue provision contained in section 15.018 of the Code.[2] We will address appellant's issues in a logical, rather than a sequential, order.

Application for Writ of Habeas Corpus

In discussing this appeal, it is logical to begin with a determination of the nature of the claim asserted by appellant. Although appellant titled his petition as an application for

---

[2]We must presume that appellant meant to reference the venue provision relating to inmate litigation contained in section 15.019. We will address this issue under that presumption.

writ of habeas corpus, to determine its true nature, we must look to the substance of the filing and the relief requested. *See Finley v. J.C. Pace Ltd.,* 4 S.W.3d 319*,* 320 (Tex. App. --Houston [1ˢᵗ Dist.] 1999, no pet.). Under Texas law, to be entitled to *habeas corpus* relief, a decision in the prisoner's favor on a dispositive issue must be one that would result in the prisoner's immediate release. *See Headrick v. State,* 988 S.W.2d 226, 228 (Tex. Crim. App. 1999)*; Ex parte Stewart*, 71 S.W.3d 540, 541 (Tex. App.--Amarillo 2002, no pet.). Because appellant's application ultimately seeks use of the mail to contact government officials and, even if successful, would not result in appellant's immediate release, we conclude that appellant's claims do not constitute, in substance, a request for *habeas* relief. Appellant's second issue is overruled.

Venue

Having concluded that appellant's claims are controlled by Chapter 14 of the Code, we must next determine whether the trial court had authority to dismiss his claims. Appellant contends that if his claims are controlled by Chapter 14, the trial court could not dismiss because, under section 17.019 of the Code, venue was improper in Gray County. It is the plaintiff's right to select a venue in which to file his suit and, when that venue choice is not properly challenged through a motion to transfer venue, the propriety of his choice is fixed in the county chosen by him. *Wilson v. Texas Parks & Wildlife Dep't*, 886 S.W.2d 259, 260 (Tex. 1994), *overruled in part on other grounds by Golden Eagle Archery, Inc. v. Jackson,* 24 S.W.3d 362 (Tex. 2000); *Rosales v. H.E. Butt Grocery Co.,* 905 S.W.2d 745, 747 (Tex. App.--San Antonio 1995, writ denied). That being the rule, venue became fixed in Gray County, and the trial court had authority to decide appellant's claims. We overrule appellant's third issue.

Order of Dismissal

In his first issue, appellant contends the trial court erred in dismissing his claims pursuant to section 14.003(b) of the Code. In its order dismissing appellant's claims, the trial court expressly found that appellant had no reasonable basis in law or in fact and that his realistic chances of ultimate success were slight. In determining whether a trial court properly determined there was no cognizable basis for appellant's claims, we must decide whether the types of relief and causes of action pled by appellant are indeed cognizable under Texas law. *See Spurlock v. Johnson*, 94 S.W.3d 655, 658 (Tex. App.--San Antonio 2002, no pet.).

Appellant seeks an order requiring the Director of the Institutional Division of the Texas Department of Criminal Justice to show cause why the court should not order her to remove any restraint upon appellant's ability to make contact with a government official. Appellant has not cited any authority authorizing this court or the trial court to grant the relief requested. Further, this court is not aware of any authorization to grant the type of relief sought by appellant. That being so, we can only conclude that the trial court did not reversibly err in dismissing appellant's claims as having no basis in law. We overrule appellant's first issue contention.

In summary, all of appellant's issues are overruled, and the trial court's dismissal is affirmed.

John T. Boyd
Senior Justice

4