# NO. 12-19-00055-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *EX PARTE:* | § | *APPEAL FROM THE 369TH* |
|  | § | *JUDICIAL DISTRICT COURT* |
| *JOSEPH HAYNES* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Joseph Haynes appeals the trial court's denial of his pretrial application for writ of habeas corpus. In two issues, Appellant argues that after the trial court found him incompetent to stand trial, it erred by ordering the Texas Department of Criminal Justice (TDCJ) to maintain custody of him while he receives competency restoration services from the Texas Department of Health and Human Services (TDHHS). We affirm.

## BACKGROUND

Appellant was charged by indictment with assault on a public servant, specifically, a TDCJ correctional officer who was lawfully discharging his official duty to supervise inmates. An enhancement paragraph alleges that Appellant was finally convicted of aggravated assault with a deadly weapon in 2014.[1] Before trial, Appellant's counsel filed a motion requesting authorization for funds to evaluate Appellant's mental health. The trial court granted the motion, and an expert opined that Appellant was incompetent to stand trial. After reviewing the expert's report, the evidence, and the arguments of counsel, the trial court found that Appellant was incompetent to stand trial and ordered that he be held in TDCJ custody while receiving competency restoration services from TDHHS.

---

[1] Although it is not directly stated in the record, we infer from the record that Appellant is currently serving a prison sentence for this or some other offense.

Subsequently, Appellant filed an application for writ of habeas corpus, contending that the trial court lacks authority to issue the order because it violates provisions of the code of criminal procedure and the separation of powers provision of the Texas Constitution. The trial court denied the application, and this appeal followed.

## COMPETENCY RESTORATION ORDER

In his first issue, Appellant argues that the trial court's competency restoration order violates provisions of the code of criminal procedure requiring Appellant's commitment to a "mental health facility" or "residential care facility" or his release on bail. In his second issue, he argues that the trial court violated the Texas Constitution's separation of powers clause by amending or rewriting the code of criminal procedure's provisions on competency restoration.

### Standard of Review and Applicable Law

The writ of habeas corpus is the remedy to be used when a person is restrained in his liberty. TEX. CODE CRIM. PROC. ANN. art. 11.01 (West 2005). It is an order from a judge commanding a party who is restraining a person to appear before the court with the person and show why he is under restraint. *Id.*; *Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991). Pretrial habeas followed by an interlocutory appeal is an extraordinary remedy reserved for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review. *Ex parte Ingram*, 533 S.W.3d 887, 891-92 (Tex. Crim. App. 2017). Except when double jeopardy is involved, pretrial habeas is not available when the question presented, even if resolved in the defendant's favor, would not result in immediate release. *Id.* at 892.

In reviewing a trial court's ruling on a habeas corpus application, we review the facts in the light most favorable to the ruling and uphold it absent an abuse of discretion. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). An abuse of discretion does not occur unless the trial court acts arbitrarily or unreasonably or without reference to any guiding rules and principles. *State v. Hill*, 499 S.W.3d 853, 865 (Tex. Crim. App. 2016).

Under the law in effect in 2016 when the instant offense allegedly occurred, when a trial court determines a defendant is incompetent to stand trial, the code of criminal procedure generally requires it to commit the defendant to a mental health facility or residential care facility determined to be appropriate by the local mental health authority or local intellectual and developmental

2

disability authority or release him on bail. TEX. CODE CRIM. PROC. ANN. arts. 46B.071(a), 46B.073(d) (West 2004); *see also* TEX. GOV'T CODE ANN. § 311.022 (West 2013) ("A statute is presumed to be prospective in its operation unless expressly made retrospective."). "Mental health facility" is defined generally as

> (A) an inpatient or outpatient mental health facility operated by the [Texas Department of State Health Services (TDSHS)], a federal agency, a political subdivision, or any person;
>
> (B) a community center or a facility operated by a community center; [or]
>
> (C) that identifiable part of a general hospital in which diagnosis, treatment, and care for persons with mental illness is provided[.]

TEX. CODE CRIM. PROC. ANN. art. 46B.001(5) (West 2018); TEX. HEALTH & SAFETY CODE ANN. 571.003(12) (West 2017). "Local mental health authority" is defined as

> an entity to which the executive commissioner [of the Health and Human Services Commission] delegates the executive commissioner's authority and responsibility within a specified region for planning, policy development, coordination, including coordination with criminal justice entities, and resource development and allocation and for supervising and ensuring the provision of mental health services to persons with mental illness in the most appropriate and available setting to meet individual needs in one or more local service areas.

TEX. HEALTH & SAFETY CODE ANN. 571.003(11) (West 2017).

**Analysis**

The challenged order in the trial court's judgment of incompetency reads as follows:

> IT IS FURTHER ORDERED BY THIS COURT that the Texas Department of Criminal Justice now take the Defendant into custody and maintain such custody status in conformity with this order. IT IS ORDERED THE Texas Department of Criminal Justice and any health care provider providing services to Defendant shall cooperate with all reasonable requests made by the Texas Department of Health and Human Services, or its appointed service provider, in furtherance of the objective of competency restoration. The Defendant shall remain in the custody of the Texas Department of Criminal Justice while receiving competency restoration services from the Texas Department of Health and Human Services. The maximum period of confinement as set forth in Art. 46B.073 of the Texas Code of Criminal Procedure shall begin on the first day of treatment.

Appellant contends that this order violates Article 46B.071 because the penitentiary does not qualify as a "mental health facility" or a "residential care facility." He argues that the word

"commit" in the statute means "a physical exchange of [his] person between the prison and treatment facility." Appellant further argues that the order violates Chapter 46B by subjecting him to treatment by TDHHS rather than a mental health facility selected by the local mental health authority and operated by TDSHS. Finally, Appellant contends that these alleged departures from the code's requirements violate the Texas Constitution's separation of powers clause.

We do not reach the merits of Appellant's questions because even if we resolved them in his favor, our holding would not result in his immediate release. Appellant cites no authority, and we find none, for the proposition that a trial court has the authority to release a TDCJ inmate serving a sentence for one offense to restore his competency to stand trial for another offense. *See* TEX. R. APP. P. 38.1(i) (requiring brief to contain clear and concise argument with appropriate citations to authorities). Therefore, even if we held the trial court's competency restoration order in the instant case violates the code of criminal procedure and the Texas Constitution, Appellant must remain in TDCJ custody until he completes the sentence he was serving when he allegedly committed the instant offense. As such, our granting Appellant's requested relief would not allow for his immediate release from TDCJ custody.

Because a favorable resolution of Appellant's questions would not result in his immediate release, we conclude that pretrial habeas is not available. *See **Ingram***, 533 S.W.3d at 892; *see also **Ex parte Stewart***, 71 S.W.3d 540, 541 (Tex. App.—Amarillo 2002, no pet.) (habeas relief unavailable where relator sought reassignment from psychiatric unit to general prison population because favorable decision would not result in immediate release). Accordingly, we overrule Appellant's first and second issues.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment of incompetency.

<u>**GREG NEELEY**</u>
Justice

Opinion delivered May 22, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 22, 2019**

**NO. 12-19-00055-CR**

**EX PARTE: JOSEPH HAYNES**

Appeal from the 369th District Court

of Anderson County, Texas (Tr.Ct.No. 369CR-17-33212)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*